### IN THE

# SUPREME COURT OF THE STATE OF GEORGIA,

## AT SAVANNAH,

# JANUARY TERM, 1859.

Present—JOSEPH H. LUMPKIN, ⎫
CHARLES. J. McDONALD, ⎬ Judges.
HENRY L. BENNING, ⎭

---

JOHN JOHNSON, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error. $\left|\frac{26}{e124}\frac{611}{817}\right|$

[1.] If an indictment contain two counts varying the charges against the defendant for the commission of the same act, when, on the conviction of the defendant on either, the grade of punishment *may* be the same, the Attorney General cannot be compelled to elect on which count he will put him on trial.

[2.] Whether a pistol is loaded with *ball*, is not an issuable fact on the trial of a prisoner on the statute for the offence of shooting at another, and it is not error for the Court to refuse to charge the jury, without such proof they cannot convict.

[3.] To refuse to give a request of counsel in charge to the jury, which is not authorized by the law or facts of the particular case, is not error.

Indictment for assault with intent to murder, &c. Tried before Judge HOLT, in Richmond Superior Court, at November Term, 1858.

There were two counts in this indictment; one for an assault with intent to murder, the other for shooting at another.

Prisoner's counsel, at the opening of the case, objected to the joinder of these two counts in the same indictment, and moved that the State be required to elect upon which count it would proceed. The Court overruled the motion, and prisoner excepted.

After the testimony was closed, and argument by counsel, prisoner's counsel requested the Court to charge, " that there must be proof that the pistol was loaded with balls, as charged in the second count; otherwise, the prisoner could not be convicted under that count." The Court refused to charge as requested, and counsel for defendant excepted.

The Court, in commenting upon the evidence, said to the jury, that " he, the defendant, was there armed with a murderous weapon, with a riotous intent." To which remark defendant's counsel excepted.

The counsel for defendant further requested the Court to charge, " that if they (the jury) find that the defendant had left the yard of the prosecutor, then the prosecutor was not justified in following him, defendant, out into the street, and making an assault upon him." This request the Court refused to give in charge, and defendant excepted.

Judge HOLT, in certifying the bill of exceptions, states, in relation to the exception to his remarks and comments on the evidence, that he did not comment on the evidence, but simply referred to it—hearing that defendant came to the house armed with a loaded pistol, and when there, behaved in a very riotous and disorderly manner; that the jury were referred to this evidence, in considering the question of malice, which they were instructed was an essential ingredient of the crime charged in the first count in the indictment.

E. J. WALKER, for plaintiff in error.

Attorney General McLAWS, *contra*.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] The first ruling of the Court below to which exception is taken, is the refusal of the presiding Judge to compel the Attorney General to elect on which of the two counts in the indictment he would put the defendant on his trial. If the two offences charged against the prisoner may be joined in the same indictment, the appeal was to the discretion of the Court—the exercise of which, public justice seldom calls for, and this Court will not control. If the two counts were improperly joined, the indictment might have been demurred to, and the exception, therefore, comes too late at the trial.

The two counts were very properly joined in one indictment. They are founded on the same act of the defendant. If the shooting was with malice, he was guilty of the crime charged in the first count; if it was without malice, but not in self-defence, he was guilty under the second count.

[2.] It is difficult to conjecture the reason of the request of the Court to charge the jury, that "there must be proof that the pistol was loaded with balls, as charged in the second count, otherwise, the prisoner could not be convicted under that count," as there was evidence that the pistol was loaded with powder and balls. But the Act does not require that proof should be made that the pistol was loaded with balls. With what it was loaded was not an issuable fact, and the instructions ought not to have been given.

The assignment of error that the Court commented on the evidence, is not certified to by the Court, and we will not express an opinion on it. I will remark, however, that there can be no objection to the presiding Judge's summing up to the jury, the evidence on both sides of a cause, and submitting the points distinctly to the consideration of the jury, to which the testimony applies, taking care to express no opinion as to what had been proven, so as to avoid what the

statute was intended to guard against—the power of the Court's influence with the jury upon the facts.

[3.] The last request made of the Court to charge the jury, by the counsel for the defendant, ought to have been refused. There is no evidence in the record that the prosecutor followed the defendant out of the yard into the street and assaulted him. But if this had been true, it depended on the nature of the assault, whether the defendant ought to have been acquitted on both counts.

Judgment affirmed.