MARY CLEMENT *vs.* LEONARD KIMBALL.

If a man sued for the board of his wife calls a witness to testify that he once saw her in adultery with a certain man and informed the defendant thereof at a certain time, it is competent for the plaintiff to prove in rebuttal that two or three years after that time the defendant filed a libel for divorce on the ground of her adultery, in which he did not charge her with any offence with that man by name.

If a man sued for the board of his wife sets up in defence her desertion and adultery, the mere fact, proved in his behalf, that she, while living apart from him, received visits from two or more men, is not sufficient to render further testimony admissible that their reputation for chastity was bad.

CONTRACT on an account annexed for board of the defendant's wife from April 15, 1862, to May 11, 1867. The answer alleged

that on or about the first named date she deserted him, and committed adultery with John Page, and since then with others unknown.

Trial in the superior court, before *Ames,* C. J., who signed a bill of exceptions substantially as follows :

" The defendant, among other witnesses, called one who testified that, not long before the separation between the defendant and his wife, which occurred in April 1862, he discovered her in the act of adultery with Page, and that, within a year or eighteen months after that discovery, he made the fact known to the defendant. The plaintiff, in answer to this evidence, was permitted, against the defendant's objection, to show that in 1867 the defendant filed a libel for divorce against his wife, charging her with adultery with sundry persons by name, and with other persons described as to the libellant unknown, but not naming Page ; and the plaintiff argued from this fact that the charge of adultery with Page was an invention and after-thought of the defendant and the witness ; and evidence was offered by the plaintiff tending to show that the witness was a friend of the defendant and active and interested in his defence in this suit.

" The defendant, after having introduced evidence that while his wife was boarding with the plaintiff she received visits from two or more men who were named, offered to prove that these men were of bad reputation for chastity and virtue ; but the judge excluded the evidence.

" The jury found for the plaintiff ; and the defendant alleged exceptions."

*J. C. Sanborn,* for the defendant.

*H. Carter,* for the plaintiff.

WELLS, J. The defendant called a witness to prove the fact of an adultery committed by his wife with one Page, and that the witness had informed him of the fact within a period which must have been before he brought his suit for divorce. His libel charged adultery with sundry persons named, and added charges of adultery with persons unknown ; but omitted any charge of adultery with Page. The improbability that he would have omitted to allege such a fact, if it had existed and he had known

Clement *v.* Kimball.

of it, bore upon the probability of the truth of the testimony which he produced in this suit. It was open to explanation, and might have no force, if satisfactorily explained; but it was nevertheless competent evidence. The exception is taken to the admission of the evidence, not to the use which was made of it in the argument. If the defendant desired to raise any question as to the application and effect of the evidence, he should have asked for proper instructions in regard to it. In the absence of any exception upon that ground, we are to presume that proper instructions were given.

Evidence of the bad reputation for chastity and virtue of two or more men, from whom the defendant's wife received visits while boarding with the plaintiff, would not, of itself, tend to prove that she was living there in adultery; nor that she committed adultery with either of those men. Such testimony often becomes competent when there is other evidence in the case to show relations of an equivocal character between persons of opposite sex, either in the manner of their association, or in the time, place and circumstances in which they are shown to be with each other. In such cases, evidence of the reputation of one of the parties, especially if notorious or known to the other, may help to explain their conduct towards each other. It is admitted in aid of, and as incidental to, the other circumstantial evidence; and not as in itself evidence to prove adultery. A foundation must be laid by the other evidence before such testimony can be permitted to be introduced at all. The mere fact that a married woman, though separated from her husband, receives, at her boarding-house, visits from two or more men, will not warrant the introduction of such testimony.

*Exceptions overruled.*