Stewart *vs.* The State.

GEORGE W. STEWART, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Where several defendants are jointly indicted, the court may, on motion of the solicitor general, where the administration of public justice requires it, order a severance.
2. Where a motion for a continuance was based on the inability of the prisoner to prepare his defense on account of confinement in jail, and the prohibition of access on the part of his counsel, and on account of the absence of material witnesses, and the counter-showing demonstrated that the first two grounds were untrue, and the court had the absent witnesses brought to the trial, the motion was properly overruled.
3. Where there were six counts in one indictment, all charging the same felony, but in different ways, there was no error in refusing to compel the solicitor general to elect on which he would proceed.
4. The verdict need not specify upon which count it was rendered.
5. Where one of the grounds of the motion for a new trial was, that two of the jurors were not impartial, and the exculpatory affidavits of said jurors, as well as of others, were submitted, showing impartiality, the discretion of the court refusing a new trial will not be controlled.
6. Where all the evidence which went to show defendant's connection with the crime charged was circumstantial, except that of a witness who was jointly indicted with him, and subsequently convicted as principal in the first degree, and of the wife of such witness, and newly discovered evidence was produced flatly contradicting the said witnesses for the prosecution, a new trial should have been granted.

Criminal Law. Severance. Continuance. Indictment. Election. Verdict. Jury. New Trial. Newly Discovered

Evidence.  Before Judge BUCHANAN.  Douglas Superior Court.  January Term, 1876.

When the case against Stewart, Sisk and Clinton was sounded, all three of the defendants announced ready for trial.  The solicitor general moved the court to try the defendants separately, and announced that he would first place Stewart on trial.  As ground for this motion, the solicitor showed that he desired to use the evidence of Clinton, and of his wife, against Stewart, and that this end could only be obtained by a severance.

The court sustained the motion, and defendant excepted.

Defendant then asked for leave to withdraw his announcement of ready, in order that he might submit a motion for a continuance.  This was allowed.  He moved a continuance upon the following grounds :

1.  Because he has been confined in jail since the homicide, and thus deprived of all means of preparation of his case, and his counsel were denied access to him while imprisoned.

2.  Because, since the case has been called, the solicitor has announced his intention to use the testimony of Clinton and his wife against this defendant.  Such direction of the case was wholly unexpected, and, therefore, he desires to have certain named witnesses present, by whom he will impeach said Clinton and wife.

3.  Because the bill of indictment was returned on yesterday, and one of his principal counsel was only engaged on yesterday ; and, thus, he has not had time, means, or opportunity to prepare his case, consult with his counsel, and have his witnesses subpœnaed.

The counter-showing demonstrated that counsel had not been denied access to defendant.  The absent witnesses were sent for and brought to court before the motion for a continuance was decided.  The court then overruled the motion.

It is only necessary to add that the eighth ground of the

motion for a new trial, was based upon statements which the jurors therein named were alleged to have made before the trial, showing great prejudice against the defendant. The jurors exculpated themselves by their own affidavits, and those of others.

For the remaining facts, see the decision.

GEO. N. LESTER, by W. S. THOMSON; M. W. TIDWELL; W. A. JAMES; JNO. V. EDGE, for plaintiff in error.

SAM. W. HARRIS, solicitor general; THOMAS W. LATHAM, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of murder, and charged with the unlawful killing of James Seals, in the county of Douglas. There were six counts in the indictment: the first charged the defendant Stewart, John F. Sisk and James Clinton, as principals; the second count charged the defendant Stewart, as principal in the first degree, and Sisk and Clinton as principals in the second degree; the third count charged Sisk as principal in the first degree, and the defendant Stewart, and Clinton, as principals in the second degree; the fourth count charged Clinton as principal in the first degree, and the defendant Stewart, and Sisk, as principals in the second degree; the fifth count charged Clinton as principal, and the defendant Stewart, and Sisk, as accessories before the fact; the sixth count charged the defendant Stewart, and Sisk, as principals, and Clinton as accessory after the fact. The defendant, having been tried separately, was found guilty of murder as principal in the second degree, and recommended by the jury to be imprisoned in the penitentiary for life. The defendant made a motion for a new trial on the following grounds: First, because the court erred in allowing the solicitor general to sever the trial of defendants, and to put the defendant, Stewart, upon his trial separately from the others; second,

because the court erred in overruling the defendant's motion
for a continuance ; third, because the court erred in refusing
to compel the solicitor general to elect as to which of the six
counts in the bill of indictment the defendant should be
called on to answer and be tried; fourth, because the
verdict was contrary to law ; fifth and sixth, because the
verdict was contrary to the evidence, and unsupported by
evidence of defendant's guilt; seventh, because the ver
dict did not indicate or specify upon which count of the
indictment it was found and rendered ; eighth, because two
of the jurors who rendered the verdict—Rice and Miller—
were not competent, impartial jurors, which fact was not
known to defendant until after the verdict was rendered;
ninth, because of the newly discovered testimony since the
trial, contained in the affidavit of John Strickland.

The court overruled the motion for a new trial on all the
grounds taken therein, and the defendant excepted.

1. There was no error in allowing the solicitor general to
sever the trial of the defendants, and to put the defendant,
Stewart, on his trial separately, on the showing made to the
court that the administration of public justice required
that it should be done.   The provisions of the 4692d section
of the Code are broad enough to include a severance of de-
fendants on the trial, at the instance of the state, for good
cause shown therefor, as at the instance of a defendant,
which declares that "when two or more defendants shall
be jointly indicted for any offense, any one defendant may
be tried separately."

2. There was no error in overruling the defendant's
motion for a continuance on the statement of facts contained
in the record.

3. There was no error in refusing to compel the so-
licitor general to elect which of the six counts in the
indictment the defendant should be called on to answer.
There was but one felony charged in the indictment, to-wit :
the unlawful killing of James Seals ; but the commission
of that felony was charged in different ways in the several

counts, in order to meet the facts of the case as might be shown by the evidence—see Archbold's Criminal Pleading, 60. If the evidence at the trial should not show that the defendant was guilty under either count in the indictment, then he could not be hurt; but if the evidence at the trial showed that he was guilty, as charged in any one of the counts in the indictment, then he might be lawfully found guilty, because the state had given him notice of all the grounds upon which it proposed to introduce evidence to establish his guilt.

4. The seventh ground of the motion, that the verdict did not indicate, or specify, upon which count of the indictment it was found and rendered, may properly be disposed of in connection with the third ground. The 4646th section of the Code declares, that on every trial of a crime, or offense, the jury shall give a general verdict of "guilty," or "not guilty." There was no error in overruling the seventh ground of the motion for a new trial.

5. There was no error in overruling the eighth ground of the motion, as to the incompetency of the jurors. Rice and Miller, on the statement of facts contained in the record —*Ray vs. The State*, 15 *Ga. Rep.*, 223; *Brinkley vs. The State*, decided during the present term, not yet reported.

6. The fourth, fifth, sixth and ninth grounds of the motion for a new trial will be considered together. The evidence against the defendant was altogether of a circumstantial character, which went to show his connection with the commission of the offense charged in the indictment, except the testimony of James Clinton and his wife, Charlotte Clinton, who were witnesses introduced by, and examined in behalf of, the state. The record discloses the fact that since the trial of the defendant Stewart, that Clinton has been tried and found guilty of the murder of Seals as principal in the first degree, and that Sisk has also been tried, and found not guilty. On the trial of the defendant Stewart, Mrs. Clinton swore, that on the night that Seals was killed, in the forepart of the night, Stewart came to her house and borrowed

Stewart *vs.* The State.

her husband's pistol; that after twelve o'clock that night, her husband lying on the bed, Stewart came there to bring the pistol back, and she went and got it; Stewart then called to her husband and said : " Jim, we have killed him." The ball found in Seals' body exactly fitted the size of Clinton's pistol and bullet moulds.   The newly discovered evidence upon which the defendant's motion for a new trial was based, is contained in the affidavit of John Strickland, who states therein, that on the night of the 6th of November, 1875, (the night Seals was killed,) he stayed at James Clinton's, and that the defendant, George W. Stewart, did not come there that night; that he got there about one hour and a half in the night, whilst Clinton was eating his supper; that when he got up from supper, he went and got his pistol from under the head of his bed and carried it off with him; returned home at a late hour in the night; deponent asked him when he returned what time it was, and he said the clock had stopped at one; deponent has never communicated the foregoing facts, until to-day, to the defendant or his counsel.   This affidavit is dated 8th of February, 1876, after the trial.   In view of the evidence contained in the record (and about which we express no opinion, as there is to be a new trial in the case), we feel it to be our legal duty to grant a new trial upon the ground of the newly discovered evidence of Strickland.   The jury may have found their verdict upon the evidence of Mrs. Clinton and her husband, James Clinton, two of the state's witnesses (who the state cannot be heard to say are unworthy of credit after introducing them in its behalf), and, if so, it is not at all improbable that if the newly discovered evidence had been introduced at the trial, a different verdict might have been rendered.   In view of the evidence and the peculiar facts of this case, it is our judgment that a new trial should be had in it.

Let the judgment of the court below be reversed.