### John P. Marble v. Emily U. Marble.

*Divorce: Adultery: Bill of complaint: Charge of living "in open and notorious adultery."* The charge in a divorce bill of living "in open and notorious adultery" with a person named, the time and place being given, is held to be sufficient. Such an allegation would require as satisfactory proof of the adultery as though a single offense only were charged, and in addition thereto evidence of the matter of aggravation.

*Adultery: Divorce: Proofs: Circumstantial evidence.* The evidence of adultery in this case is held sufficient and convincing, though it is circumstantial only.

*Divorce: Adultery: Reputation: Evidence.* Evidence of reputation is not admissible as substantive proof to show adultery, but it may be considered only as subsidiary and subordinate evidence, as matter in aid of and incidental to the substantive proof and going to explain and account for the conduct of the parties towards each other.

*Submitted on briefs April 12.    Decided April 24.*

Appeal in Chancery from Ingham Circuit.

MARBLE *v.* MARBLE.

*M. V. & R. A. Montgomery,* for complainant.

*J. C. Shields,* for defendant.

GRAVES, J:

This is a bill for divorce. The circuit court decreed for complainant, and defendant appealed. The charge of living "in open and notorious adultery" with William Martin, is the only one to be considered. The proofs fail to support any other. It is objected that this charge is not a proper one in a divorce case. On consideration we are inclined to think the allegation is valid. The time and place are laid and the party incriminated with defendant is described and specified. As characterized by the form of charge, the offense would seem to be more gross and noxious, more pernicious to society, than one consisting of a single private act. And there is no reason to suppose the pleading of it in this wise could cause any special hardship to the defendant.

The allegation would require as satisfactory proof of the adultery as though the offense were set out as composed of one act only, and the complainant would naturally be held to give evidence of the matter of aggravation also.

The evidence to show the fact of adultery is made up of circumstances. There is no direct proof of any single fact able to afford a conclusive or very stringent inference. But when all the circumstances are combined and the natural inferences and presumptions are allowed their due weight, the proof so presses and convinces that it is difficult to reject belief. The conduct of Martin in leaving his own family in the immediate neighborhood and staying with defendant as he did, their association and deportment towards each other and fondness for each other's society, their bearing even in the presence of third persons, their desire to be together, her interference in his behalf, and the tone and character of it, her explanation to Mr. Mead in Martin's presence why Martin did not depart from her and consort with his wife, the inconsistent and unsatisfactory statements

concerning Martin's ways and inducements, and several other incidents, when brought together, seem hardly capable of being accounted for and explained except upon the ground that the relation charged actually existed between these persons. The evidence of reputation was not admissible as substantive proof to show the adultery. It can be considered only as subsidiary and subordinate evidence, as matter in aid of and incidental to the substantive proof and going to explain and account for the conduct of the parties towards each other.—*Clement v. Kimball, 98 Mass., 535.* And viewed in that light, it gives a strong color to the other facts. The decree should be affirmed.

The other Justices concurred.