## SUTTON *v.* THE STATE.

1. Where an indictment or special presentment contained four counts, charging respectively that a man was guilty of fornication with a named woman, both of them being alleged to be single; that he was guilty of adultery with the same woman, both of them being alleged to be married; that he was guilty of adultery and fornication with her, he being alleged to be married and she single; and that he was guilty of adultery and fornication with her, he being alleged to be single and she married, the court was not bound to require the State to elect on which of these counts it would try the accused.

2. In such a case, after the evidence for the State had been partly introduced and a motion had then been made to require the State to elect on which count it would proceed, if the court granted such motion there was no error in not requiring the election to be made until the evidence for the State was closed.

3. Where the evidence showed that on several occasions the defendant, who was a married man, visited the house where the woman lived with whom he was charged to have committed adultery and fornication, and that he had once or twice been seen lying in or on the bed with her, it was competent to prove that her general reputation was that of a prostitute, and that the house at which she lived was generally reputed to be a bawdy-house.

4. The evidence authorized a conviction, and none of the grounds of the motion for new trial require a reversal.

Argued January 15,—Decided February 15, 1906.

Indictment for misdemeanor. Before Judge Reagan. Miller superior court. December 7, 1905.

A special presentment was returned against Sutton, containing four counts. The first charged him with the offense of fornication with one Annie Ethridge, it being alleged that he was a single man and she a single woman; the second charged him with adultery with the same woman, alleging that both were married; the third charged him with the offense of adultery and fornication, alleging that he was a married man and she was a single woman; the fourth charged him with the offense of adultery and fornication, alleging that he was a single man and she was a married woman. Each of the counts charged that the offense was committed with the same woman and on the same day. The jury found the defendant guilty on the third count. He moved for a new trial. The motion was overruled, and he excepted.

*William I. Geer,* for plaintiff in error.

*J. A. Laing, solicitor-general,* by *R. R. Arnold,* contra.

Lumpkin, J. (After stating the foregoing facts.) 1, 2. One ground of the motion for a new trial was that after the jury had been impanelcd and sworn, and some of the evidence had been submitted to them, the State offered evidence to prove that Annie Ethridge was a single woman. The defendant objected to this, on the ground that the special presentment alleged that she was a married woman. The solicitor-general replied that it contained four counts. The defendant requested that the State be required to elect on which it relied for conviction. The court held that the State would not be required to elect until all the evidence was in. There was no demurrer to the presentmeht. It appears in another part of the record that at the close of the evidence for the State an election was required.

In *State* v. *Hogan, R. M. Charlton,* 474, it was said: "Where two distinct felonies are charged upon the prisoner in one indictment, the court may before plea quash the indictment, or after plea compel the prosecutor to elect on which charge he will proceed. But this rule is to be exercised by the court in its discretion, and will be enforced, when the prisoner may be confounded in his defence, or prejudiced in his challenges, or where the attention of the jury will be distracted by such joinder. And it does not apply, unless the charges are actually distinct and grow out of different transactions. The court will not compel the prosecutor to elect upon an indictment charging prisoner with larceny, and receiving stolen goods, etc., when it appears by the indictment that the charges relate to the same transaction, modified to meet the proof." In 1 Bish. Cr. Pr. §454, par. 2, it is said: "We have seen that this compelling of an election pertains rather to judicial discretion than to absolute law. So that in most of our States the determination of the judge thereon will not ordinarily be revised by the higher tribunal. In some States it will,— perhaps under special circumstances in all." In sections 457 and 458 it is said: "In felony, in States wherein the combined counts are restricted to one felonious transaction, the prosecution will be required to confine its evidence to some particular transaction which it selects. Where the counts are for different felonies really or supposed to be connected with the one transaction,— as, larceny and receiving stolen goods, or larceny and abetting the same, or embezzlement and larceny, or making a forged writing and uttering it, or one felony in different degrees,— and, *a fortiori,* where one felony

is set out in various ways in the different counts to meet diversities in the proofs, no election of counts will ordinarily be required, but all will be left open for the jury to pass upon in their verdict. In misdemeanor, or in any grade of crime, if by a statute or usage there can be a conviction for only one offense in fact, rules like those just stated prevail the same as in felony. But—commonly in misdemeanors,—though not quite without exception, two or more congruous offenses may be charged in different counts, and punished substantially the same as though there were different indictments." In *Lynes* v. *State,* 46 *Ga.* 208, it was said: "In cases of misdemeanors, the joinder of several offenses in the indictment will not, in general, vitiate the proceedings at any stage of the prosecution." And in the opinion of Chief Justice Warner (p. 210) it was said that, "in offenses inferior to felony, the practice of quashing the indictment, or calling upon the prosecutor to elect on which charge he will proceed, does not exist." See also *Davis* v. *State,* 57 *Ga.* 67; *Dohme* v. *State,* 68 *Ga.* 339; *Williams* v. *State,* 107 *Ga.* 693. In *Johnson* v. *State,* 26 *Ga.* 611, it was held, that, "If an indictment contains two counts varying the charges against the defendant for the commission of the same act, when, on the conviction of the defendant on either, the grade of punishment may be the same, the attorney-general can not be compelled to elect on which count he will put him on trial." See also *Stewart* v. *State,* 58 *Ga.* 577 (3). *Johnson's* case is cited approvingly in *Jackson* v. *State,* 76 *Ga.* 568. See also *Stewart* v. *State,* 58 *Ga.* 577 (3); *Memmler* v. *State,* 75 *Ga.* 576. In *Long* v. *State,* 12 *Ga.* 293, it was said that "Two distinct offenses can not be joined *in the same count* in an indictment." In *Gilbert* v. *State,* 65 *Ga.* 449, it was held, that "It is a general rule that a defendant can not be charged with separate and distinct offenses in the same indictment; but offenses which are of the same nature, and differ only in degree, may be joined in an indictment. Further, there are some offenses, though not of the same nature, which may be incorporated in the same indictment if they constitute but one transaction, but not otherwise." In that case the indictment contained but two counts, by the first of which the accused was charged with burglary and larceny from the house, and by the second with receiving stolen goods. In illustrating the general rule which he announced, that distinct and separate offenses can not be charged in the same indictment, Justice Crawford referred to lar-

52

ceny and perjury, but added that "the same offense, that is, the same species of offense, may be charged in different ways in several counts to meet the evidence." See also *Hoskins* v. *State*, 11 *Ga.* 92; *Stephens* v. *State*, 11 *Ga.* 225; *Williams* v. *State*, 72 *Ga.* 180; *Sims* v. *State*, 110 *Ga.* 290; *Walker* v. *State*, 118 *Ga.* 772; *Cody* v. *State*, 118 *Ga.* 784; *Welborn* v. *State*, 119 *Ga.* 429; *Bashinski* v. *State*, 123 *Ga.* 508. As to counts varying the allegations in regard to the same transaction in a civil case, see *Gainesville Railroad Co.* v. *Austin*, 122 *Ga.* 823. In *Wasden* v. *State*, 18 *Ga.* 264, it was held that an indictment for adultery and fornication against a single person is good; and it was said: "The offenses here prohibited are all joint offenses. Each is the offense of a man and a woman acting jointly. The remedy here provided is, however, a several remedy—is a separate indictment against each—the man and the woman." In *Foster* v. *State*, 41 *Ga.* 582, it was held that under the code the man and woman could not be jointly indicted, but must be indicted severally. There was no question of the form of the indictment against one. In *Kendrick* v. *State*, 100 *Ga.* 360, it was held, that, under the Penal Code, there are three distinct kinds of indictable sexual intercourse; and that if a man was indicted for adultery alleged to have been committed with a married woman, and the proof showed that she was not married, the verdict of guilty could not be upheld. In that case there was only one count, charging adultery, and it was held that the proof must correspond to the charge; but there was no ruling that there could not be different counts to adapt the indictment to the result of the proof. See also *Heath* v. *State*, 91 *Ga.* 126; *Bennett* v. *State*, 103 *Ga.* 66; *Neil* v. *State*, 117 *Ga.* 14. In Bish. Stat. Cr. (3d ed.) § 701, after stating that on a statute in alternative words, as "adultery or fornication," it would not be good pleading to charge the offenses in the alternative, nor conjunctively in one count, the author adds: "A ready method of escape from this dilemma, where it is desirable to adapt the indictment to either result of the proofs, is to insert two counts; the one for living in adultery, and the other for living in fornication;" and after referring to a decision in Alabama to the effect that under a single count charging adultery there could not be a conviction for fornication, he further says: "On principle, while this doctrine may be correct under some forms of the indictment, it would seem perfectly practicable to draw a count in such terms as to avoid all ob-

jections, whereon the conviction would be for living in adultery if the marriage was proved, or in fornication if it was not." Whether this could be done in a single count or not, we see no reason why it could not be accomplished in two counts. Clark's Crim. Proc. 289; 9 Enc. Pl. & Pr. 645.

It would be of little avail to draw an indictment with different counts, so as to be adjusted to the evidence showing whether the parties were married or single, if the defendant could immediately quash it or require an election. The offenses of adultery, fornication, and adultery and fornication are all included in the Penal Code, § 381. The thing which the legislature was declaring to be a crime was illicit sexual intercourse. When committed by a single person or a married person it may be a distinct offense, but not necessarily of a different character or referring to a different transaction. That this is so is indicated in the very name of the offense of which this defendant was found guilty; for it is equally "fornication and adultery" whether the man is married and the woman single, or vice versa. In *Camp* v. *State*, 91 *Ga.* 8, the presiding judge required an election to be made, but there was no ruling by this court as to whether this was necessary. It is apparent that the illicit sexual intercourse charged in different counts of the indictment now under consideration does not refer to distinct and separate transactions. It was not necessary for the court to have required the State to make any election at all, but the verdict could have determined on which count the defendant was found guilty. This being so, the defendant obtained more than he had a right to legally demand.

As to the time when the motion to require the State to elect should have been made, Justice Crawford, in *Gilbert's* case, 65 *Ga.* 451, said it would "hardly be denied that the right of election existed, even with demurrer waived, in an indictment joining a felony and a misdemeanor, if not before testimony offered, certainly afterwards, when it appeared that the larceny proved showed that it was only a misdemeanor, the goods stolen being less than fifty dollars in value." See also 1 Bish. New Crim Proc. (4th ed.) §§ 461, 462. Mr. Bishop's opinion as to the time when the State will be required to elect is, that, "On the whole, while it is believed that there are some rules of law controlling all cases, in most the question of election is properly and best left to the discretion of the presiding judge,

to be exercised with reference to the special facts." Although he adds, that, "Whatever is done at the early stages of the trial, plainly, as a general rule, the election should be required before the prisoner opens his defense."

3. Objection was made to the admission of evidence that a witness had seen the defendant several times at the house of Kate Ethridge, where Annie Ethridge lived. The ground of this objection was, "that the defendant was not charged with going to the house, but was charged with adultery and fornication." Complaint was also made that evidence was admitted that Annie Ethridge bore the reputation in the community of being a prostitute, and that the house which was visited by the defendant was reputed to be a bawdy-house. This evidence was objected to as irrelevant. It is seldom that the act of adultery or fornication can be proved by direct evidence. Usually it must be established by circumstantial evidence or inferred from a chain of circumstances proved. Whichever form the proof may take, it is sufficient if the offense is proved beyond a reasonable doubt. Among the circumstances from which it has been held that guilt may be inferred is where the proof shows that a married man associated with a known prostitute. Ciocci *v*. Ciocci, 26 Eng. Law & Eq. R. 604 (a civil case). Or when a married man is seen to enter a house of prostitution and is known to be in the room with a common prostitute for a sufficient time to commit the act, adultery may be inferred. Commonwealth *v*. Gray, 129 Mass. 474. Of course these circumstances are subject to explanation, the jury ultimately determining what was the fact. Professor Wigmore (1 Wig. on Ev. §68) says: "Where the character offered is that of a *third person, not a party* to the cause, the reasons of policy (noted ante, §64) for exclusion seem to disappear or become inconsiderable; hence, if there is any relevancy in the fact of character, i. e. if some act is involved upon the probability of which a moral trait can throw light, the character may well be received." In Clement *v*. Kimball, 98 Mass. 535, it is said: "Such testimony often becomes competent when there is other evidence in the case to show relations of an equivocal character." See also Blackman *v*. State, 36 Ala. 295, 297; Marble *v*. Marble, 36 Mich. 386; State *v*. Mecum, 95 Ia. 433; Com. *v*. Clifford, 145 Mass. 97; 2 Gr. Ev. (16th ed.) §44; Starke *v*. State, 97 Ga. 193; Eldridge *v*. State, 97 Ga. 192; Johnson *v*. State, 119 Ga. 446; Gossett *v*. State, 123 Ga. 431 (4), 437. A

contrary rule is held in Texas. Guinn $v$. State, 65 S. W. 376. In the case at bar it was shown that on several occasions the defendant visited the house where Annie Ethridge lived, and that he had once or twice been seen in bed with her after dark, he being a married man and she a single woman. · After this proof, the court admitted evidence of general reputation as to the character of the woman and of the house in which she lived.

4. The conviction was in accordance with the evidence, and there was no error requiring a new trial. One ground complains of the appointment of a solicitor-general pro tem., to assist the grand jury, but no objection appears to have been made or ruled on in the trial court. *Judgment affirmed. All the Justices concur.*