LIGHTNER *v.* THE STATE.

</div>

The evidence in this case fails to support the verdict, and a new trial should have been granted upon that ground.

<div align="center">Submitted October 16,—Decided November 7, 1906.</div>

Accusation of misdemeanor. Before Judge Crisp. City court of Dawson. June 8, 1906.

*W. H. Gurr* and *J. G. Parks,* for plaintiff in error.

*M. J. Yeomans, solicitor,* contra.

ATKINSON, J. The defendant was tried for a misdemeanor, there being two counts in the accusation, one charging him with fornication, and the other with adultery and fornication. Upon the trial it appeared that the defendant, a white man, traveling with his child, and a mulatto woman, whom he claimed to be his nurse, spent nights at residences along the way. On two occasions the three slept in one room. On one of these occasions there were two beds,

and both appeared the next morning to have been occupied. This was at the residence of a negro. On the other occasion there was but one bed, while a pallet was made before the fire for the woman. This was at the residence of white people. At this house it was proposed by the wife of the host to let the woman sleep on a pallet in the kitchen, but the defendant "preferred that she occupy the same room with him and the baby." Upon the foregoing evidence the defendant was found guilty. He moved for a new trial, and the motion being overruled, the defendant comes to this court assigning error upon the judgment overruling his motion for new trial.

The evidence at best affords ground for suspicion of the guilt of the accused. There is no direct evidence showing criminal intercourse between the defendant and the woman, and the circumstances are not such as to exclude every other reasonable hypothesis than that of the guilt of the accused. The verdict should have been set aside upon the ground, contained in the motion, that there was no evidence to support it.

*Judgment reversed. All the Justices concur.*