### 857.  WILDER *v.* THE STATE.

The evidence was such as to authorize the conviction.

Accusation of keeping disorderly house, from city court of Macon —Judge Hodges.  November 2, 1907.

Argued January 13,—Decided January 27, 1908.

*E. W. Maynard, R. S. Wimberly,* for plaintiff in error.

*William Brunson, solicitor-general,* contra.

POWELL, J. According to the testimony, the defendant had, in the suburbs of the city of Macon, an ice-cream saloon at which he sold "barbecue, pop-eyed mullets, soda water, and bludwine." He had been in the habit of giving at this saloon ice-cream festivals about twice a week for two years. When these festivals were in progress large crowds assembled in the saloon and in the street near by. They danced in the saloon and on the ground. Besides eating, drinking, and dancing, those who assembled sometimes fought and shot in the saloon and in the street near by. There would be a "disturbance" at the saloon nearly every time a festival was given. Loud noises such as "cursing and swearing could be heard both in the street and in the saloon." Several times the defendant sent for officers to come and keep order for him in and around the saloon; but even then there would be some fighting in the street. Two of the neighbors testified to being disturbed.

The statute provides: "Any person who shall keep and maintain, either by himself, or others, a common, ill-governed, and disorderly house, to the encouragement of idleness, gaming, drinking, or other misbehavior, or to the common disturbance of the neighborhood or orderly citizens, shall be guilty of a misdemeanor." As was said by the Supreme Court in the case of *Heard* v. *State,* 113 *Ga.* 448 (39 S. E. 120), "The evidence as a whole warranted the jury in finding that the accused kept and maintained a house which was 'ill-governed and disorderly,' in the sense in which the words are usually understood; that he did so for a sufficient length of time to render applicable to it as a disorderly house the descriptive term 'common,' and that the noises made and improper acts committed therein disturbed the peace and comfort of quite a number of orderly citizens in the neighborhood. In all these respects the testimony met the requirements of the rule laid down in *Palfus* v. *State,* 36 *Ga.* 280, to the effect that: 'to constitute a house a disorderly house in law, the noises, etc., must be ordinary and usual, or common, and the disturbance must be general, and not of only one person in a thickly settled neighborhood.'"

*Judgment affirmed.*