### 921.  CONNER *v.* THE STATE.

The evidence in behalf of the State fully authorized a verdict of guilty. There was no error in refusing the defendant a new trial.

Indictment for adultery, from Wilcox superior court—Judge Whipple.  November 30, 1907.

Submitted January 14,—Decided January 27, 1908.

*C. C. Curry, Hal Lawson,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.

RUSSELL, J.  The defendant was convicted of the offense of adultery, and moved for a new trial upon the general grounds. The evidence was such as to authorize a finding either of guilty or of not guilty; but the credibility of the witnesses is a matter solely for the jury, and the evidence in behalf of the State is ample, if believed by the jury, to remove every reasonable hypothesis save that of the defendant's guilt.  None of the authorities relied upon by the plaintiff in error are applicable to the present case. He relies upon the decision in the *Weems* case, 84 *Ga.* 461 (11 S. E. 501).  The controlling point in that case is that the evidence fails to establish the charge, by reason of the fact that the prosecutor prevented the criminal act between the defendant and his wife, if such was intended.  Nothing is held in the case of *Mc-Allister* v. *State,* 2 *Ga. App.* 654 (58 S. E. 1110), except that the circumstances relied upon by the State to corroborate the alleged confession were insufficient for that purpose, and insufficient of themselves to show the actual perpetration of the crime alleged. In *Lightner* v. *State,* 126 *Ga.* 563 (55 S. E. 471), it was held that the occupancy of the same room by the accused and the mulatto

woman with whom the sexual act was alleged to have taken place was insufficient to authorize conviction. While this statement contains a sound principle of law, the facts in the *Lightner* case and in the case at bar are quite dissimilar. In addition to proof similar to that contained in the *Lightner* case, as to the probable occupancy of the same room, the evidence in the present case does not disclose any necessity for such joint occupancy, due to the presence of an infant, which the female was employed to nurse; and in the present case the evidence for the State is supplemented by a number of incriminating circumstances too revolting to be recounted, but which, if believed by the jury, place the guilt of the accused beyond any question.    *Judgment affirmed.*