### 4787.  SMITH *v.* THE STATE.

1. The jury would have been authorized to acquit the accused if it had believed his witnesses and his statement; but since the evidence in behalf of the prosecution authorized the jury to return a verdict of guilty, and there is no complaint that any error of law was committed on the trial, this court is without jurisdiction to set aside the finding of the jury.

16

2. To authorize conviction in a prosecution for the offense of keeping a lewd house, it is not enough to prove the general reputation of the house, or of its inmates, or both; for the gist of the offense is that the house was kept "for the practice of fornication or adultery;" and the jury must be satisfied that acts of lewdness were practiced in the house, and that it was maintained for the purpose of prostitution. Reputation for lewdness, however, may be a circumstance tending to show the character of the house, and may be considered by the jury in corroboration of such facts and circumstances as may reasonably satisfy them of the essential fact that fornication or adultery was actually committed therein.

DECIDED AUGUST 16, 1913.

Indictment for keeping lewd house; from Hall superior court—Judge J. B. Jones. February 14, 1913.

*B. P. Gaillard Jr.,* for plaintiff in error.

*Robert McMillan,* solicitor-general, contra.

RUSSELL, J. 1. The accused was convicted of the offense of keeping a lewd house, and excepts to the judgment refusing a new trial. The only point made is that the verdict is contrary to law, because unsupported by evidence. The plaintiff in error relies upon the ruling of this court in *Coleman* v. *State,* 5 *Ga. App.* 766 (64 S. E. 828), and rulings of the Supreme Court in *Weems* v. *State,* 84 *Ga.* 461 (11 S. E. 501), and *Lightner* v. *State,* 126 *Ga.* 563 (55 S. E. 471). It is insisted that the evidence fails to show, beyond a reasonable doubt, that the house was kept for the practice of adultery and fornication, and that the evidence fails to show that such an act was committed. A review of the record shows that the evidence in behalf of the defendant, if it had been believed by the jury, in the exercise of their right of determining the credibility of witnesses, would have authorized the acquittal of the accused; but on the other hand, it can not be said that the evidence adduced by the prosecution was insufficient to authorize a conviction. There is evidence that the accused was a married man, whose family resided in the same town with himself. He did not live with his family, but lived in a room rented in an office building, though he provided for his children. One witness testified that this room was visited both day and night by women of bad character for lewdness. One woman of such reputation was shown to have been there more than once, under circumstances which authorized the inference that her presence was for the purpose of engaging in illicit intercourse with a man other than the defendant, whose name was not disclosed. On one occasion the police, after quite an effort, secured entrance to the

defendant's room, and there found a man on the bed and a woman of alleged bad reputation in the room. At another time the policemen heard people talking in the defendant's room at night. They entered the room; the woman was not there, but on search they found her upon the roof, partly undressed; and other circumstances indicated that it was the accused who took this means of attempting to conceal her from the policemen. A witness testified that the defendant had tried to get him to go to this room to see a woman, and several witnesses testified that the reputation of the house and of the women who frequented the place was bad for lewdness. It was testified, and was admitted by the defendant in his statement, that he had paid off a claim for rent which was partly against the woman, who was found in his room in company with a man named Lowe. It is true that no witness saw the actual commission of any act of lewdness, but on one occasion a witness saw a girl in the room with her dress up to her knees, and a man sitting on the bed, who was very much excited and red in the face when the room was entered, and who did not want his name mentioned. Another witness saw the same woman in the room when the bed was in a torn-up condition, and a man lying on it. This witness testified that at another time he failed to find the woman in the room, but that the defendant admitted he had pushed her out of the window. We think the testimony as to the circumstances under which the woman was found more than once in the defendant's room with other men authorized the jury to infer that the offense of adultery and fornication, or adultery or fornication, was actually committed in the room in question, and is so corroborated by testimony as to the reputation of the place and of the women, as well as by the testimony to the effect that the defendant solicited one of the witnesses to meet a woman in his room, as to authorize the jury to find the defendant guilty.

2.    We held in *Coleman* v. *State,* 5 *Ga. App.* 766 (64 S. E. 828), that it was error to instruct the jury that "it is not necessary for the State to prove that there were acts of adultery or fornication committed at such house;" and the judgment refusing a new trial was reversed for the reason that the probative value of the reputation of the house, as a circumstance corroborative of testimony, either direct or circumstantial, to the effect that acts of lewdness were actually committed in the house in question, is solely for de-

termination by the jury; and the mere fact that a house has a bad reputation is not of itself sufficient to establish the fact that it deserves that reputation, so as to convict an occupant of the house of the statutory offense. To authorize conviction of the offense of keeping a lewd house, it is not enough to prove the general reputation of the house, or of its inmates, or both; for the gist of the offense is that the house was kept "for the practice of fornication or adultery" (Penal Code, § 382); and the jury must be satisfied that acts of lewdness were practiced in the house, and that it was maintained for the purpose of prostitution. Reputation for lewdness may be a circumstance tending to show the character of the house, and may be considered by the jury in corroboration of such facts and circumstances as may reasonably satisfy them of the essential fact that fornication or adultery was actually committed therein. In the *Coleman* case the judge, in effect, told the jury that the accused might be convicted upon proof merely of the reputation of the house and of its inmates. In the present case, however, there is no complaint that the court fell into a similar error, and there is testimony sufficient to authorize the jury to infer, to the exclusion of every reasonable doubt, that the room in question, with the permission of the defendant, was used for purposes of prostitution, and that acts of lewdness were actually committed therein.

We recognize the principle announced in the rulings of the Supreme Court in the cases of *Weems* and *Lightner*, supra, as will be seen by reference to the opinion of this court in *Conner* v. *State*, 3 *Ga. App.* 475 (60 S. E. 111), that one can not be found guilty of illicit intercourse upon circumstantial evidence, where the incriminatory circumstances are as compatable with the theory of his innocence as with the inference of guilt. In the *Weems* and *Lightner* cases the evidence showed nothing more than that the accused in each case had the opportunity (provided the female was willing) to commit the offense. In no case would this alone be sufficient to authorize conviction of an act of illicit intercourse. As to the fact of intercourse this case might be somewhat similar to the *Weems* case, if the girl in question had only been seen once at the room of the accused, but, according to the testimony for the State, she was several times a visitor to the room of the defendant, under circumstances which require explanation. The *Weems* case is really very

little in point, for in that case it was apparent that *Weems* did not have time to commit the adulterous act, which was prevented by the appearance of the prosecutor. As was said in *Johnson* v. *State,* 119 *Ga.* 446 (46 S. E. 634), the judgment of conviction in *Weaver* v. *State,* 74 *Ga.* 376, and in *Weems* v. *State,* supra, did not justify the inference, beyond a reasonable doubt, that the carnal act had been committed. The same principle is dealt with in *Sutton* v. *State,* 124 *Ga.* 820 (53 S. E. 381). In the *Coleman* case, supra, this court very properly held that in a prosecution for keeping a lewd house the evidence must be sufficient to satisfy the jury that acts of lewdness were actually committed in the house in question. Proof of a single act would perhaps not be sufficient to authorize a conviction of keeping a lewd house; for this offense, in point of habitude, is similar to the offense of living in a state of adultery or fornication, in which a conviction would not be supported by proof of a single act of illicit intercourse.

There is no intimation in the opinion in the *Coleman* case, supra, that proof of the reputation of the alleged lewd house or of its inmates is not admissible in corroboration of other circumstances tending to show that the house in question is maintained for the purpose of prostitution. The decision upon this point is to the effect that proof merely of a reputation for lewdness is not sufficient to authorize conviction. The rule laid down in *Clement* v. *Kimball,* 98 Mass. 535, that "such testimony often becomes competent when there is other evidence in the case to show relations of an equivocal character" is clearly recognized. If there were nothing more in this case than the proof of the reputation of the room and of the women who visited there, which was adduced by the State, or if the judge had instructed the jury that this testimony as to reputation would be sufficient to authorize conviction of the accused, the case at bar would be controlled by the ruling in the *Coleman* case. Inasmuch, however, as there are circumstances which authorize the jury to infer that more than one act of lewdness was committed in the room rented by the defendant, the case differs from the *Coleman* case. If the jury had been satisfied beyond a reasonable doubt, by the circumstances which surrounded the female in question upon the occasions when she was seen with other men in the room of the accused, that an illicit act had actually been committed, the proof of reputation and the frequency

of the female's visits to the room, when considered in corroboration of the circumstances indicating that sexual intercourse had taken place, would be sufficient to render the incriminatory circumstances far more consistent with guilt than with innocence.

The credibility of the witnesses as well as their prejudice or bias, if any existed, was exclusively for the jury; their finding is approved by the trial judge, and this court has no power to interfere.

*Judgment affirmed.*