## 5672. JONES *v.* THE STATE.

WADE, J. 1. On the trial of one charged with maintaining a lewd house, it was error for the court to permit a witness for the State to testify (over the objection that the evidence elicited was irrelevant, immaterial, and prejudicial to the defendant) as follows: "I am prosecuting him because different people have told me what kind of a lewd house it was." "I arrested him because it had been frequently reported to me by the best citizens that he was running a lewd house, and they asked me why I allowed that to go on right in the main business part of town, and there was hardly a day passed but what somebody spoke about that whore-house."

2. In a criminal investigation it is error for the court to give in charge to the jury section 1015 of the Penal Code, relative to the presumption which arises that a charge or claim is well founded, where a party has evidence in his power and within his reach, by which he may repel such claim or charge against him, etc. The presumption of innocence remains with the defendant until overcome by sufficient proof, notwithstanding his failure to produce evidence or even to make a statement at his trial denying his guilt. *Wilson* v. *State*, 8 *Ga. App.* 816 (3) (70 S. E. 193); *Williamson* v. *State*, 9 *Ga. App.* 442 (71 S. E. 509); *Long* v. *State*, 126 *Ga.* 109 (54 S. E. 906); *Mills* v. *State*, 133 *Ga.* 155 (5) (65 S. E. 358); *Worley* v. *State*, 136 *Ga.* 231, 235 (71 S. E. 153).

3. There was no error in the following charge: "The defendant in this case made a statement, just such statement as the law permits him to make." Penal Code, § 1036; *Davis* v. *State*, ante, 764 (82 S. E. 292).

4. A charge which authorizes the jury to convict a defendant of the offense of keeping a lewd house, if satisfied, to a moral and reasonable certainty and beyond a reasonable doubt, by evidence of the "open and notorious reputation of the house and by the general, open and notorious character of the inmates thereof," that fornication or adultery was therein committed, is erroneous. *Coleman* v. *State*, 5 *Ga. App.* 766 (64 S. E. 828); *Smith* v. *State*, 13 *Ga. App.* 241 (79 S. E. 51); *Ward* v. *State*, ante, 110 (80 S. E. 295). "Reputation for lewdness, however, may be a circumstance tending to show the character of the house, and may be considered by the jury in corroboration of such facts and circumstances as may reasonably satisfy them of the essential fact that fornication or adultery was actually committed therein." *Smith* v. *State*, supra.

5. A charge that the defendant might be convicted of keeping a lewd house, if the jury should be satisfied by the evidence, to a moral and reasonable certainty and beyond a reasonable doubt, "that the defendant had knowledge, either actual or implied, that there was committed in the house, alleged to be maintained by him, acts of adultery or fornication," was erroneous. The defendant must have actual and not implied knowledge that acts of adultery or fornication are committed in the house maintained by him. Such actual knowledge may be shown by direct proof, or by proof of facts or circumstances from which the jury might infer that the defendant did have actual knowledge that acts of adultery or fornication were committed in the house.

6. The court erred in charging the jury as follows: "I further charge you, that, nothing appearing to the contrary, a man is presumed to know the character of the house maintained by him and the inmates of the same, as the same is generally openly and notoriously known in the community in·which said house may have been maintained." This charge tended to express an opinion as to the character of the house and its inmates, whereas the jury should have been left to draw such inference in regard thereto as the proved facts and circumstances might authorize.

7. Various portions of the charge of the court are objected to, which each in effect authorized the jury to convict, if lewd women were housed by the defendant and such women did ply their immoral vocation with the knowledge of the landlord, without further instructing the jury that it must appear that such lewd women committed acts of fornication or adultery in the particular house which the evidence indicates to be a lewd house. No statute prohibits a landlord from boarding or housing lewd women, and the house where they may be so maintained will not be a lewd house, unless acts of fornication or adultery are therein committed. If lewd women ply their avocation away from their domicile, this alone will not constitute their landlord the keeper of a lewd house, even though he might have knowledge that their conduct elsewhere was the reverse of exemplary.

8. A charge which authorized the conviction of one charged with keeping a lewd house, on proof of the commission of one act of fornication or adultery therein with the knowledge of the defendant, who maintained and kept the house, provided he had knowledge, prior to the commission of the offense, that it was about to be committed, is erroneous. "One swallow does not make a summer," and one act of fornication or adultery does not necessarily constitute the house in which it is committed a lewd house. Besides, the charge was too broad, since the keeper of a hotel or a boarding house might have knowledge that such an offense was about to be committed prior to the commission thereof, and yet be unable for some reason to intervene in time to prevent its consummation.

9. The following charge was error: "I charge you that while it is necessary for the State to show knowledge on the part of the defendant that fornication or adultery was practiced in the house, yet such knowledge may be found to exist from the fact that the house had the reputation of being lewd, and that lewd women stayed there, in connection with other facts." It authorized the jury to find that the defendant had knowledge that fornication or adultery was practiced in his house, if the jury should further find "that the house had the reputation of being a lewd house and that lewd women stayed therein, in connection with other facts." Knowledge that the inmates of a house were lewd women would not necessarily charge the keeper of such house with knowledge that fornication or adultery was practiced in that particular house. The jury might infer knowledge on the part of the defendant that fornication or adultery was practiced in his house, from the reputation of the house and the character of the inmates, coupled with other corroborating circumstances sufficient to induce such a conclusion, but this is a question solely for them. Besides, the "other facts" necessary to be proved were not indicated.

10. The exception is well taken that the judge, in his charge to the jury, after defining "lewd house," added that "it is sufficient if it be proven to your satisfaction, beyond a reasonable doubt, that fornication and adultery were practiced in such house." This was erroneous, since it excluded from the consideration of the jury the necessity for the State to show, by either direct evidence or sufficient circumstances, that the defendant had knowledge that fornication or adultery was practiced within the house, and may have confused the jury.

11. It is unnecessary to refer to the general grounds of the motion for a new trial, since the case must go back for a new trial, and the evidence at the trial may be altogether different.

*Judgment reversed. Roan, J., absent.*

DECIDED JULY 21, 1914.

Accusation of keeping lewd house; from city court of Fitzgerald —Judge Griffin: March 27, 1914.

*McDonald & Grantham,* for plaintiff in error.

*W. H. Horne, solicitor,* contra.