### 10109. VICKERS v. THE STATE.

PER CURIAM. 1. There is no merit in the special ground of the motion for new trial. The evidence, while somewhat weak, authorized the defendant's conviction on both counts of the accusation, and, the verdict having been approved by the trial judge, this court is without authority to interfere.

2. As to the sufficiency of the evidence to convict under the first count of the accusation, see *Fitzgerald* v. *State*, 10 *Ga. App.* 70 (5), 76 (72 S. E. 541); *Basil* v. *State*, 22 *Ga. App.* 765 (97 S. E. 259).

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur. Stephns, J., dissents.*

    —      DECIDED JANUARY 23, 1919.

Accusation of misdemeanor; from city court of Hazlehurst— Judge Knox. August 29, 1918.

The accusation was in two counts, charging respectively the offenses of keeping a lewd house and keeping a disorderly house, as defined in sections 382 and 383 of the Penal Code (1910). There was a general verdict of guilty. From the evidence it appeared that the defendant was a farmer, living on his farm with his family, in which were two daughters. He lived there three months, and while he lived there the house had the reputation of being a lewd house; but the witnesses testified that they did not see any act of lewdness there. "During all the time he staid there a great many automobiles with men in them went there, day and night. It was a continual thing." Some of the men were married and some single. Sometimes the cars would run back and forth there most of the night. Seven automobiles were seen standing in front of the gate one morning about sunup. It was testified that two men went there one night, and after they had been in there a little time the witness "saw a light in the house, and

they stayed there a little while and the light went out, and they came out and got in the automobile and went away." Another witness testified: "I took King and Highsmith out there. They went in and sat down on the porch and talked to the girls for a while, then Highsmith and one of the girls went out into the yard and went around the house and came in the back way; they tipped across the porch and went into a back room. Then King and the other girl got up and went out into the yard and went around behind the house. Both couples were gone about fifteen or twenty minutes, and when they came back the boys said they were ready to go, and we left. It was at night and dark." A few nights later the witness saw two men lying on a bed in the house, drunk, and they asked if he would come and get them in his car about daylight the next morning. One of these men was seen at another time in a swing on the porch with his arm around the back of one of the girls. Men would sometimes take the girls out in cars. Some of the men who went there appeared to be drunk. Cursing and loud talking by men leaving the house and by men going to it were heard in the neighborhood. Pistol shooting was also heard there. The cursing and pistol shots caused a neighbor to leave her home one night because she was afraid. Fourteen of the neighbors went to the house on the third day after the defendant had moved into it and told him that too many people visited there, and they could not put up with it in that community, and that he would have to control it or move, and he said he would like to control it and would like to have them help him control it. No testimony was introduced for the defendant. His statement at the trial was that several people came to his house, but they did not mistreat him, and if his girls did wrong, or anything wrong was carried on around his place, he did not know of it, and he did the best he could.

*W. W. Bennett,* for plaintiff in error, cited, as to sufficiency of evidence: *Ward* v. *State,* 14 *Ga. App.* 110; *Scott* v. *State,* 15 *Ga. App.* 533.

*J. Mark Wilcox,* solicitor, cited: *Mimbs* v. *State,* 2 *Ga. App.* 387; *Hogan* v. *State,* 76 *Ga.* 82-3; *Smith* v. *State,* 13 *Ga. App.* 241-6; *Fitzgerald* v. *State,* 10 *Ga. App.* 71 (5); *Wilder* v. *State,* 3 *Ga. App.* 443-4; *Heard* v. *State,* 113 *Ga.* 448-51.