## DOHME *vs.* THE STATE OF GEORGIA.

[This case was argued at the last term and the decision reserved.]

68 339
98 78

68 339
f107 695

68 339
123 510

68 339
124 817

1. In an indictment for keeping a gaming house, the description of the house as to location need not be more definite than that it is in the county.
2. Where an indictment contained two counts, one charging the keeping of a gaming house, the other the renting of rooms for the purpose of gaming, a general verdict of guilty was sufficient without specifying on which count it rested.
3. The verdict is upheld by the evidence.

Criminal Law. Indictment. Verdict. Before Judge CLARK. City Court of Atlanta. March Term, 1881.

An indictment was preferred against Dohme containing two counts. The first charged that "the said Robert Dohme, in the county aforesaid, on the first day of April, in the year of our Lord 1881, with force and arms did keep, have, use and maintain a gaming house, contrary to the laws, etc." The second count charged that the defendant knowingly rented said house for gaming purposes.

Defendant demurred to this indictment as insufficient to charge any offense and because no house was specified in which the offense was committed. The demurrer was

overruled. It is unnecessary to set out the evidence introduced. The jury found the defendant guilty. He moved for a new trial on the following grounds:

(1.) Because the court overruled the demurrer to the indictment.

(2.) Because the court charged the jury that if they found defendant guilty on either or both of the counts, to render a general verdict of guilty.

(3.) Because the court refused to charge, as requested by defendant, that if they found him guilty on one count and not guilty on the other count, to specify in their verdict on which count they found him guilty. The defendant requested the court thus to charge immediately on the retiring of the jury, and before they had time to consult on the case. [The judge in a note says that after the jury retired counsel requested him verbally to recall them and charge that they should specify on which count, if they found defendant guilty, and he declined.]

(4.) Because the verdict is contrary to evidence and law.

(5.) Because the court admitted over defendant's objection the testimony of Crawford, Kimbro and Harrison as to any house being rented or used, there being no charge in the presentment authorizing the introduction of such testimony.

The court overruled the motion and defendant excepted.

HOPKINS & GLENN, for plaintiff in error.

W. D. ELLIS, solicitor city court, for the state.

JACKSON, Chief Justice.

The defendant was indicted for keeping a gaming house on two counts, one for keeping such a house, the other for renting rooms for the purpose of gaming.

He was found guilty, and on the denial of a new trial by the court excepted.

1. The demurrer was properly overruled. The description of the house, its locality, except that it be in the county, need not be set forth in the indictment; and it is sufficient in other respects to set the offense out so plainly that the charge may be easily understood by the jury. Code, §§4628, 16 *Ga.*, 467; 25 *Ib.*, 474; 33 Ind., 304; 2 Brev., 487; 33 New Hamp., 212.

2. A general verdict will suffice, and the count on which it is returned need not be indicated, especially if the punishment is the same for each offense. 58 *Ga.*, 577; 46 *Ib.*, 208: 5 Wheaton, 184; 1 Blackf., 33.

3. The evidence fully supports the verdict.

Judgment affirmed.