## DRIVER *v.* THE STATE.

FISH, J.　1.　The motion to dismiss the writ of error in this case is disposed of by the ruling in *Ivey* v. *State*, 112 *Ga.* 175.

2.　The length of time during which a jury should be required to consider a case before discharging them and ordering a mistrial is within the discretion of the trial judge, and this court will not interfere with the exercise thereof, unless manifestly abused.

3.　When twelve of the regular panel of jurors serving in the city court of Macon were disqualified to try a criminal case pending therein, the judge of such court was authorized to order twelve tales jurors to be summoned for the purpose of making up a panel of twenty-four from which to strike a jury to try the case, without previously discharging those who were disqualified.　It was not erroneous, over a general objection of the accused in such case, to put the panel of twenty-four jurors so made up upon him.

4.　A general verdict of guilty upon an indictment containing three counts, the first charging the accused with keeping a gaming-house, the second with keeping a gaming-table, and the third with gaming, being in effect a finding of guilty of all the charges set forth in the indictment, is not sustainable when there is no evidence of guilt as to the charges set forth in the first and second counts.　*Judgment reversed.　All the Justices concurring.*

Argued November 20,—Decided November 27, 1900.

Indictment for gaming.    Before Judge Nottingham.    City court of Macon.    September term, 1900.

*John R. Cooper*, for plaintiff in error.

*Robert Hodges, solicitor-general*, contra.