## TAYLOR *v.* THE STATE.

The evidence upon which the accused was convicted in the county court failed to sustain the charge made in the accusation, and therefore the judge of the superior court erred in not sustaining the certiorari upon the ground that the verdict was contrary to the evidence and to law.

Submitted January 15,—Decided February 15, 1906.

Certiorari. Before Judge Parker. Wayne superior court. December 1, 1905.

E. B. Taylor was tried by a jury in the county court of Wayne county, under an accusation preferred against him by Lucius Clark, charging him with the offense of cheating and swindling, defined by the act of August 15, 1903 (Acts 1903, p. 90). The specific charge in the accusation was, that the accused, in the county of Wayne, on the 3d day of September, 1905, did commit the offense of cheating and swindling by contracting with the prosecutor to perform "certain services of labor to work and pull a crop of turpentine boxes during the season of the year 1905, in the county aforesaid, for the sum of ten dollars, with intent to defraud and procure ten dollars in United States money of the value of ten dollars, and after procuring said ten dollars from said Lucius Clark, intentionally to defraud prosecutor, refused to do and perform said labor, to the injury and damage of the said Lucius Clark ten dollars;" and that the accused "refused to perform such services or to pay [Clark] back ten dollars, contrary to the laws of said State," etc. The jury found the accused guilty. He carried the case by certiorari to the superior court, where the certiorari was dismissed; to which ruling he excepted.

*James R. Thomas,* for plaintiff in error.

*John W. Bennett, solicitor-general,* and *C. R. Tindall,* contra.

FISH, C. J. (After stating the foregoing facts.) The certiorari should have been sustained upon the ground that the verdict was

without evidence to support it. The contract shown by the evidence was not the one alleged in the accusation. The accusation was headed: "Georgia, Wayne County. In the County Court of said county." It charged, that, on the 3d day of September, 1905, in Wayne county, the accused did "commit the offense of cheating and swindling by contracting with the said Lucius Clark, . . to work and pull a crop of turpentine boxes during the season of the year 1905, in the county aforesaid, for the sum of ten dollars, with intent to defraud," etc. From the answer of the county judge to the writ of certiorari, it appears that Lucius Clark, the prosecutor, and the only witness as to the making of the contract, testified: "He was engaged in the turpentine business in Tatnall county, Georgia, and . . on or about the 3rd of September, 1905," the accused "contracted with [him] to pull a crop of turpentine boxes." Mr. Durrance was "running" a turpentine business. The accused "was pulling some boxes there at Mr. Durrance's turpentine business at the time he approached witness 'to advance him ten dollars;" and he stated to the witness that Mr. Durrance had refused to advance him ten dollars, and if the witness "would get the money from Mr. Durrance and give it to him, the defendant, to pay his account in Brunswick, which was for rent, . . he would come back and pull boxes for him until he paid him for his ten dollars." The witness "did go to Mr. Durrance and borrowed a check" or draft for ten dollars, and then "went to Jesup, with said defendant, and there in Jesup, Wayne county, . . collected said check of ten dollars and . . then and there in Jesup, Wayne county, Georgia, . . had an understanding and entered into the contract . . again with said defendant, upon the condition that he, the defendant, return to Tatnall county and there to pull turpentine boxes for the prosecutor, Lucius Clark, until he paid back the said ten dollars." The "defendant was to return back from Brunswick, and then and there to complete his contract of labor in the turpentine season of 1905, at the turpentine business of Mr. Durrance, in Tatnall county." It will be seen that, according to the accusation, the contract which the accused entered into with the prosecutor was, that the accused would "work and pull a crop of turpentine boxes during the season of the year 1905, in the county aforesaid," that is, in Wayne county, "for the sum of ten dollars;" while, according to the evidence, the contract of

the accused was, not "to work and pull a crop of turpentine boxes during the season of the year 1905," in Wayne county, but "to return to Tatnall county and there to pull turpentine boxes for the prosecutor, Lucius Clark, until he paid back the said ten dollars," which the prosecutor advanced him. In the one case the contract was to be performed by the accused in Wayne county; in the other it was to be performed by him in Tatnall county. According to the accusation, the duration of the contract was measured by the words "during the season of the year 1905." According to the evidence, its duration was to be "until [the accused] had paid back the said ten dollars." It will be perceived that unless the words, "during the season of the year 1905," as used in the accusation in stating the contract, be construed to mean "throughout the course, existence, or continuance of the turpentine season of the year 1905," the accusation would be fatally defective, in that the contract alleged therein would be so vague, indefinite, and uncertain as to the period of service contracted for as to be void. For if these words be construed to mean "at some period in the turpentine season of the year 1905," neither the time when the labor was to begin nor the time for which it was to continue could be determined from the contract. Even if the contract, thus construed, could be held to be valid, the evidence would not show that the accused had violated it at the time when the accusation was preferred against him; for the date of the accusation is October 23, 1905, and the evidence fails to show that the turpentine season of the year 1905 had then expired. Construing these words in the sense first above indicated, which tends to support the accusation, and is, we think, the meaning which should be given them in the connection in which they are used, the alleged undertaking on the part of the accused was "to work and pull a crop of turpentine boxes" during the continuance of the turpentine season of 1905; while his undertaking, as shown by the evidence upon which he was convicted, was, "to pull turpentine boxes for the prosecutor, Lucius Clark, until he had paid back the said ten dollars." The contract shown by the evidence is clearly not the same as that alleged in the accusation; and the accused could not be lawfully convicted without showing that he had entered into the contract alleged in the accusation. He could not be charged with having entered into one contract to perform certain services, "with intent to procure money or other

thing of value thereby, and not perform the service contracted for," and convicted upon proof that he had entered into a different contract, with such intent. It is to be observed also that the contract as stated by the prosecutor in his testimony affords no means by which to determine how much labor, measured either in time or in amount, the accused would have to perform in order to "pay back" to the prosecutor the ten dollars, and therefore it would seem that even if the accusation had stated the contract as it was stated in the testimony of the prosecutor, the contract alleged and proved would be too indefinite and uncertain to support a conviction for the offense with which the accused was charged. *Wilson* v. *State*, ante, 22; *Glenn* v. *State*, 123 *Ga*. 585. Besides, it does not appear from the evidence in the case that the accused, at the time the accusation was preferred against him, had violated the contract, if such it can be called, disclosed by the testimony of the prosecutor. The accusation, as we have stated, was preferred on October 23, 1905, and it does not appear from the testimony that the turpentine season of the year 1905 had then closed, and, for aught that appears to the contrary in the evidence, there might then have been still time enough left in such season for the accused to comply with his agreement to work out the debt "in the turpentine season of 1905."

What we have said renders it unnecessary to discuss the question as to whether the venue alleged in the accusation was established by the evidence. The verdict was without evidence to support it, and the judge of the superior court erred in overruling the certiorari.     *Judgment reversed.     All the Justices concur.*