### 763. JOHNSON *v.* THE STATE.

POWELL, J. Upon the authority of *Glenn* v. *State*, 123 *Ga.* 585, *Wilson* v. *State*, 124 *Ga.* 22, *McCoy* v. *State*, 124 *Ga.* 218, *Taylor* v. *State*, 124 *Ga.* 798, *Mulkey* v. *State*, 1 *Ga. App.* 521, and *Patterson* v. *State*, 1 *Ga. App.* 782, the verdict must be set aside as being contrary to the law and without evidence to support it.          *Judgment reversed.*

Accusation of cheating and swindling, from city court of Nashville—Judge Peeples. September 7, 1907.

Submitted November 11,—Decided November 14, 1907.

*W. R. Smith, R. A. Hendricks,* for plaintiff in error.

*J. H. Gary, solicitor,* contra.

---

### 770. BARGE *v.* THE STATE.

HILL, C. J. For the trial judge to state, in the hearing of the jury on the trial of a criminal case, that if the defendant did not put in any evidence he would direct a verdict against the defendant, is manifest error, and imperatively requires the grant of a new trial, however conclusive the evidence establishing guilt. Penal Code, § 1032.

*Judgment reversed.*

Indictment for unlawful sale of liquor, from Douglas superior court—Judge Edwards. August 24, 1907.

Argued November 11,—Decided November 14, 1907.

*Joseph S. James,* for plaintiff in error.

*W. K. Fielder, solicitor-general,* contra.