## 5515.  DOZIER *v.* THE STATE.

A general verdict of guilty on an accusation containing two counts, the first charging the accused with keeping intoxicating liquors on hand at his place of business, and the second with the sale of such liquors, is not sustainable when there is no evidence of guilt as to the charge set forth in the second count.

DECIDED APRIL 18, 1914.

Accusation of misdemeanor; from city court of Columbus—Judge Tigner.  January 17, 1914.

*T. T. Miller,* for plaintiff in error.

*T. H. Fort, solicitor,* contra.

ROAN, J.  Ernest Dozier was tried upon an accusation containing two counts, the first charging him with having unlawfully kept intoxicating liquors on hand at his place of business, and the second charging the sale of such liquors.  The jury returned a general verdict, as follows:  "We, the jury, find the defendant guilty." The defendant filed a motion for a new trial upon the usual general grounds.  The motion was overruled, and he brought the case to this court for review.

In looking through the record, we are unable to find any evidence that sustains a conviction on the second count of this accusation. The only evidence offered for the State was that of T. D. Allman,

a detective. He testified that on the 12th of July, 1913, he sent a negro man to the defendant's place of business in the city of Columbus, to buy whisky; that the man went in that direction, and came back from that direction, and brought back a half pint of corn whisky, but he did not see the man go into the defendant's place of business or make a purchase. He further testified that he and Mr. Ben Moore afterwards went to the defendant's place of business and made a thorough search of his store, and no liquor was found there; that he went in the rear of the store, and, under the house, found nine half pints of liquor, five of which were corn and four gin. The corn whisky that the man brought back was of the same brand and in the same kind of bottle as that found under the house. He did not know the man he sent; he thought the man's name was Brown. He had not seen him in four or five months and did not know where he was. He searched him before he left to get the whisky, and at that time he had no whisky. He did not know to whom the whisky belonged, nor who placed it under the house where it was found. In the floor above the place where he found the whisky it looked as if there had been a hole, but this hole had been nailed up and did not exist at the time he found the whisky there. Immediately after finding the whisky the witness arrested the defendant. The defendant disclaimed any knowledge of the whisky being there, and said it was not his whisky; that he had not kept any on hand at his place of business, and had not sold or offered to sell any whisky. The witness heard that the place was the place of business of the defendant, and had seen him in charge of it for sometime before that, but did not know whether he was the owner of it or not.

This was the only evidence offered by the State, and it was wholly insufficient to authorize a verdict of guilty of the sale of whisky as charged in the second count. The verdict, being a general verdict of guilty, means guilty on both counts; for upon an indictment or accusation containing more than one count, all charging distinct misdemeanors (as in this case), a general verdict of guilty is to be construed as convicting the defendant of each and every criminal transaction alleged therein. Where an indictment is for only one offense, though it contains a number of counts in which the method of the commission of the offense is variously

stated, if any one of the counts is supported by the proof a general verdict of guilty will be upheld against the contention that it is contrary to the evidence; but if the indictment embraces distinct offenses, set forth in different counts, a general verdict of guilty can not be upheld, unless there is sufficient proof to justify conviction under each and all of them. A jury may legally acquit the defendant as to some of the counts and convict him as to others, where the evidence authorizes it; and the better practice is for the court to so instruct the jury.

If the place where the detective and his companion found this whisky was the defendant's place of business (which is denied in his statement), the evidence may have authorized the jury to find him guilty on the first count; but the evidence was not sufficient to authorize a conviction on both counts, and the verdict therefore is not supported by the evidence. For that reason a new trial must be granted, and the case sent back for another hearing. See *Driver* v. *State,* 112 *Ga.* 229 (37 S. E. 400); *Tooke* v. *State,* 4 *Ga. App.* 495 (61 S. E. 917); *Morse* v. *State,* 10 *Ga. App.* 61-66 (72 S. E. 534).                    *Judgment reversed.*