### 12684.   JONES *v.* THE STATE.

A general verdict of guilty upon an indictment containing two counts, each charging a violation of a different penal statute, can not be sustained where there is no evidence to support a conviction upon one of the counts.

DECIDED NOVEMBER 16, 1921.

Indictment for carrying pistol, etc.; from Glascock superior court — Judge Shurley.  June 17, 1921.

*B. F. Walker,* for plaintiff in error.

*M. L. Fells, solicitor-general,* contra.

BLOODWORTH, J. The indictment in this case contains two counts, the first charging the accused with carrying a concealed pistol, and the second that he carried a pistol without having a license. There was a general verdict of guilty. This means guilty on both counts. In his motion for a new trial it is insisted that there is no evidence to support a verdict of guilty on the first count. While there is some evidence to support a verdict on the second count, we agree with him that there is none to support a finding that he had a pistol concealed. In *Morse* v. *State,* 10 *Ga. App.* 61, 66 (72 S. E. 534), Judge Powell said: " The conviction upon the first count can not be sustained. This being so, the verdict is without evidence to support it. The error is not harmless, for under the indictment and the verdict the defendant could be sentenced to the maximum punishment for each offense, and the sentences might be made cumulative. The two counts stand just as if they were two indictments; and the right to impose sentence, where the verdict is general in such a case, is the right to sentence as for two separate and distinct offenses. The law in this respect is well established. *Hall* v. *State,* 8 *Ga. App.* 747 (70 S. E. 211) ; *Tooke* v. *State,* 4 *Ga. App.* 495 (61 S. E. 917) ; *Driver* v. *State,* 112 *Ga.* 229 (37 S. E. 400)."

As a new trial must be ordered, and the error complained of in the other special ground of the motion for a new trial is such as will not likely recur on another trial, it is unnecessary to consider that ground.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*