### SIMMONS *v.* THE STATE.    REILLY *v.* THE STATE.

It is error to refuse a new trial where an accusation contains two counts, the first charging a sale of whisky, and the second charging possession of whisky, both charges growing out of the same transaction, where upon the trial the evidence authorizes a conviction upon the second count only and the verdict is a general verdict of guilty.

No. 5001.    JUNE 18, 1926.

Questions certified by Court of Appeals (Cases Nos. 16449, 16487).

*W. A. McClellan* and *Thomas A. Jacobs Jr.,* for plaintiffs in error.

*Roy W. Moore, solicitor,* contra.

RUSSELL, C. J.    The Court of Appeals asks instruction upon the following question: "Where an accusation contains two counts, the first charging a sale of whisky, and the second charging possession of whisky (both charges growing out of the same transaction), and upon the trial the evidence authorizes a conviction under the second count only, and the verdict is a general verdict of guilty, and the defendant moves for a new trial, is it error to over-

rule the motion, *where the sentence imposed does not exceed that which the court could have legally imposed if the accused had been convicted under the second count only?"* We are of the opinion that the question must be answered in the affirmative. This conclusion naturally follows from the ruling of this court in *Driver* v. *State,* 112 *Ga.* 229 (37 S. E. 400). In *Driver's* case a violation of the law against gaming was charged. The indictment contained counts accusing the defendant of keeping a gaming-house, of keeping a gaming-table, and of gaming. Upon the trial the jury returned a general verdict of guilty upon the indictment. Mr. Justice Fish, delivering the unanimous opinion of the court, held: "A general verdict of guilty upon an indictment containing three counts, the first charging the accused with keeping a gaming-house, the second with keeping a gaming-table, and the third with gaming, being in effect a finding of guilty of all the charges set forth in the indictment, is not sustainable when there is no evidence of guilt as to the charges set forth in the first and second counts." In the question in the present case the Court of Appeals states that "the evidence authorizes a conviction under the second count only." Under these circumstances "a general verdict of guilty" was not authorized, and it was error to overrule the motion for a new trial, even if it contained no more than the general ground that the verdict was contrary to the evidence and contrary to law. In its question the Court of Appeals by italics stresses the portion of the question relating to the sentence imposed, thus calling to the special attention of this court that the sentence imposed in the case to which the question relates did not exceed that which the court could have imposed had the accused been convicted under the second count only. In our opinion the sentence imposed is entirely immaterial if it is based upon a verdict which is contrary to law. If the verdict in any case is contrary to law, the imposition of a sentence is nugatory, because none should have been imposed. A motion for a new trial is directed to the verdict. An attack upon the sentence would be fruitless. The point now before us, as presented by the question of the Court of Appeals, does not seem to have arisen in this court since *Driver's* case, supra. The ruling in that case, never having been modified, criticised, or overruled, is controlling. It has been frequently followed by the Court of Appeals. *Tooke* v. *State,* 4

*Ga. App.* 495 (61 S. E. 917) ; *Morse* v. *State,* 10 *Ga. App.* 61 (72 S. E. 534) ; *Dozier* v. *State,* 14 *Ga. App.* 473 (81 S. E. 368) ; *Carrington* v. *State,* 18 *Ga. App.* 105 (88 S. E. 915) ; *Sewell* v. *State,* 23 *Ga. App.* 765 (99 S. E. 320) ; *Jones* v. *State,* 27 *Ga. App.* 600 (110 S. E. 37) ; *Williams* v. *State,* 27 *Ga. App.* 609 (110 S. E. 37). In *Tooke's* case, supra, Judge Powell goes very fully into the rationale of the rule which renders unlawful a conviction by general verdict of guilty upon an indictment containing two or more counts charging different offenses, when there is insufficient evidence to support the conviction as to any one of the offenses which may be charged in any one of these counts. "There was a general verdict of guilty. This means guilty on every count. Where offenses of different grades are joined in the same indictment, a general verdict of guilty means guilty of the highest offense (*Dean* v. *State,* 43 *Ga.* 219; *Estes* v. *State,* 55 *Ga.* 132) ; but where several misdemeanors, which though of the same general character are separate and distinct offenses, are joined in different counts of the same indictment, such a verdict is to be construed as a conviction on all of the counts. *Driver* v. *State,* 112 *Ga.* 229 (4) (37 S. E. 400) ; Bishop's New Crim. Proc. §§ 1005(a), 1015(a), 4." Under numerous decisions of this court, where offenses of the same nature but differing in degree are charged in different counts in an indictment, and a general verdict of guilty is returned, the verdict of guilty will be construed as a finding that the accused is guilty of the highest offense charged. This rule is particularly applicable to felonies and in cases where the commission of a felony as charged by the indictment also includes lower grades of crime embraced in the felony; such, for instance, as an indictment charging burglary, in which is also embraced a count charging larceny from the house. Likewise a general verdict of guilty will be sustained where a misdemeanor (though but one offense) is charged, and the indictment contains more than one count, all charging the same offense, though the manner of its commission may be charged in various and diverse ways adjusting it to the testimony as it may be developed in the trial. In such a case a general verdict of guilty is good, because at last only one offense is charged, though the crime may be charged to have been committed in several different ways and under various circumstances, all relating to the same transaction. The question

of the Court of Appeals calls attention to the fact that in the cases
to which the question relates.the charges of selling whisky and of
having such liquor in possession involved the same transaction.
We are aware that in some jurisdictions a rule somewhat different
from that stated above prevails; but in *Driver's* case, supra, the
keeping of a gaming-house, the keeping of a gaming-table, and
gaming, all involved the same transaction, and the Georgia rule
was there laid down as above stated. It no doubt developed from
numerous decisions in which we have held that the same act may
constitute several distinct offenses, whereas in some jurisdictions
it has been held that one can not be tried more than once for the
same criminal transaction, although the State might originally
have elected to try the accused for a different offense.

*All the Justices concur, except*

Gilbert and Hines, JJ., dissenting. In *Parham* v. *State,* 3
*Ga. App.* 468 (2) (60 S. E. 123), it was said: "Where an in-
dictment charges one offense committed in different ways, in sev-
eral counts, a conviction on one or more of the counts, supported
by sufficient legal proof, will be upheld. A proper conviction on
one count will not be set aside because of an unwarranted convic-
tion on another count. The verdict on the latter can not harm the
defendant; for the punishment is the same whether the conviction
is sustained on one count or on more than one count." That was
a prosecution for perjury. In *Stewart* v. *State,* 58 *Ga.* 577, the
indictment was for murder, containing six counts. One ground of
the motion for a new trial was that the verdict did not indicate
or specify on which count it was found. The court held there
was no error in overruling this ground. It was said that there
was but one felony charged in different ways in several counts. If
the evidence at the trial should not show that the defendant was
guilty under either count, then he could not be hurt; but if the
evidence at the trial showed that he was guilty as charged in any
one of the counts of the indictment, then he might lawfully be
found guilty. In *Dohme* v. *State,* 68 *Ga.* 339, the indictment
was in two counts. The first charged the defendant with a mis-
demeanor, to wit, maintaining a gaming-house; the second charged
that he knowingly rented said house for gaming purposes. The
second headnote was: "Where an indictment contained two

counts, one charging the keeping of a gaming-house, the other the renting of rooms for the purpose of gaming, a general verdict of guilty was sufficient without specifying on which count it rested." Citing the *Stewart* case, 58 *Ga.,* and other authorities. In *Nobles* v. *State,* 98 *Ga.* 73, at p. 78 (26 S. E. 64, 38 L. R. A. 577), the indictment contained two counts, both charging murder, but in different ways. There was a general verdict of guilty. The court held that the offense of murder in both degrees is punishable alike in this State, and affirmed the judgment.

In *Williams* v. *State,* 107 *Ga.* 693 (33 S. E. 641), the accused was tried on an accusation containing two counts, the first charging the selling of spirituous and intoxicating liquors, and the second charging the defendant with contracting to sell and soliciting the sale of such liquors. It was contended that the accusation was fatally defective, because it charged against the defendant two distinct offenses. This contention was overruled by this court, citing *Lynes* v. *State,* 46 *Ga.* 208, and *Dohme* v. *State,* 68 *Ga.* 339. In the opinion it was said, with regard to the *Dohme* case: "It was held that a general verdict of guilty was sufficient without specifying upon which count it rested." The judgment was reversed because the evidence failed to make out a case of guilt under either count of the accusation. In *Bashinski* v. *State,* 123 *Ga.* 508 (51 S. E. 499), it was held that an indictment containing two counts, one charging the defendant with maintaining a gaming-house and the other with knowingly renting the house for that purpose, is not open to demurrer on the ground of misjoinder of separate and distinct offenses. This case cited the *Dohme* case, and reiterated the holding there made that a general verdict of guilty was sufficient. In *Fry* v. *State,* 141 *Ga.* 789 (82 S. E. 135), it was said: "Where there were four counts in an indictment, all charging the commission of the same felony, but in different ways, a general verdict of guilty was not contrary to evidence if any one of the counts was supported by proof, and it was not necessary that the verdict specify upon which count it was rendered." Citing *Stewart* v. *State; Dohme* v. *State,* supra, and *Williams* v. *State,* 69 *Ga.* 11.

Similarly, in *Berrien* v. *State,* 156 *Ga.* 380, headnote 7 (119 S. E. 300), this court said: "Where an indictment contains several counts and there is a verdict of guilty on two of them, each of

the two counts being based upon a different section of the code, and each of the code sections providing for a different punishment, and where the verdict does not fix separate terms of punishment for the different counts, but only fixes one maximum and minimum term, which is within the limits of punishment that could be imposed under either count; . . the judgment overruling the motion for a new trial may be affirmed if the conviction on either count is legal." Citing *Stewart* v. *State, 58 Ga.* 577; *Parham* v. *State* (supra); *Gailliard* v. *State,* 16 *Ga. App.* 195 (84 S. E. 837); *Dohme* v. *State,* supra.

If *Driver* v. *State,* 112 *Ga.* 229 (supra), laid down a rule different from what has been stated above, it must yield to older cases. In this case it was held: "A general verdict of guilty upon an indictment containing three counts, the first charging the accused with keeping a gaming-house, the second with keeping a gaming-table, and the third with gaming, being in effect a finding of guilty of all the charges set forth in the indictment, is not sustainable when there is no evidence of guilt as to the charges set forth in the first and second counts."

"On the trial of all criminal cases the jury shall be judges of the law and facts, and shall give a general verdict of 'guilty' or 'not guilty.' Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity." Penal Code (1910), § 1059. The two counts charged a misdemeanor, one with possessing prohibited liquors, the other with the sale of such liquors. 11 Park's Code Supp. 1922, § 448(c). These are not offenses of a separate and distinct nature nor of a character radically different. They both charge a violation of the prohibition law in different ways, and are subject to one punishment. Without deciding whether two separate punishments could be inflicted where there is a valid conviction on two such counts, it can be said that, so far as our experience and observation extends, the practice in this State has been to inflict one punishment whether the conviction is on one or more counts.