16487. SIMMONS *v.* THE STATE.

16449. REILLY *v.* THE STATE.

LUKE, J. In each of these cases the accusation contained two counts; the first charging a sale and the second charging possession of intoxicating liquors. In each case a general verdict of guilty was rendered; and in neither case did the evidence authorize a conviction of selling intoxicating liquors. However, the sentence imposed in each case did not exceed that which could have legally been imposed if the accused had been convicted under the second count only. In answer to a question certified by this court to the Supreme Court, that court held as follows: "It is error to refuse a new trial where an accusation contains two counts, the first charging a sale of whisky, and the second charging possession of whisky, both charges growing out of the same transaction, where upon the trial the evidence authorizes a conviction upon the second count only and the verdict is a general verdict of guilty." The court further ruled that this was true although the sentence imposed in each case did not exceed that which could have legally been given if the accused had been convicted under the second count only. For full opinion of Supreme Court see *Simmons* v. *State*, 162 *Ga.* 316 (134 S. E. 54). Under this ruling the judge of the trial court in each case erred in overruling the motion for a new trial.

    *Judgments reversed. Broyles, C. J., and Bloodworth, J., concur.*

        DECIDED AUGUST 4, 1926.

Violating liquor law; from city court of Macon—Judge Jordan. April 17, 23, 1925.

*W. A. McClellan, T. A. Jacobs Jr.,* for plaintiff in error.

*Roy W. Moore, solicitor,* contra.

---

Criminal Law, 16 C. J. p. 1105, n. 7.

Intoxicating Liquors, 33 C. J. p. 795, n. 20.