## 18455.   TULLIS *v.* THE STATE.

A general verdict of guilty means guilty under all the counts of the in-
dictment.  Here the counts alleged separate transactions, and, the evi-
dence failing to prove some of these transactions, the general verdict of
guilty is unsupported by evidence; and therefore the court erred in
overruling the motion for a new trial.

DECIDED NOVEMBER 15, 1927.

Embezzlement; from Wilkes superior court—Judge Perryman.
July 28, 1927.

*B. W. Fortson,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

LUKE, J.  The defendant was charged with embezzlement.  The
indictment contained seven counts, each alleging different dates,
amounts, and methods of embezzlement.  Each count alleged em-
bezzlement from the same corporation, but a separate transaction.
The jury rendered a general verdict of guilty.  This means guilty
on each count in the indictment, and we are unable to find in
the record sufficient evidence to support the 3d and 5th counts.
In the case of *Innes* v. *State,* 19 *Ga. App.* 271, 273 (91 S. E. 339),
Judge George, speaking for the court, said: "It is well settled
that an indictment may in several counts charge a violation of
one statute in different ways; in which event a general verdict of
guilty is good, if the evidence sustains either count.  On the other
hand, an indictment may charge in different counts the commission
of distinct offenses of similar nature; in which event a general
verdict of guilty is not good, unless the evidence sustains each
count."  In the light of other decisions on this subject we con-
strue this as holding that different counts in an indictment charg-
ing a violation of one statute may contain a different description
of the same offense, the same transaction, and if the State proves
that the defendant committed this particular offense in any one
of the methods alleged, then a general verdict of guilty is good.
But if the State alleges different transactions in different counts,
then each count must be sustained by proof, in order for a general
verdict of guilty to stand.  In the case of *Driver* v. *State,* 112
*Ga.* 229 (37 S. E. 400), the Supreme Court said: "A general
verdict of guilty upon an indictment containing three counts, the
first charging the accused with keeping a gaming-house, the sec-

Criminal Law, 16 C. J. p. 1105, n. 6.

ond with keeping a gaming table, and the third with gaming, being in effect a finding of guilty of all the charges set forth in the indictment, is not sustainable when there is no evidence of guilt as to the charges set forth in the first and second counts." In discussing this case Judge Powell, speaking for this court in the case of *Tooke* v. *State,* 4 *Ga. App.* 495, 503 (61 S. E. 917), said: "In *Driver's* case the three counts alleged three distinct transactions, *not merely one transaction with the circumstantiality of its commission varied;* it alleged the maintenance of a gaming house, the maintenance of a gaming table, also gaming; and there being no proof that the defendant maintained the house or kept the table, the general verdict of guilty was set aside, though there was sufficient evidence to convict him of the gaming." Judge Powell said also, in the *Tooke* case, in reference to misdemeanors, that "if the indictment as a whole relates to but one offense, to but one transaction, stated in different counts with variation of details so that the indictment, as pleading, may adapt itself to the different phases which may appear in the proof at the trial, a general verdict of guilty, without any specification as to the count on which it is rendered, is sustainable and proper, if any one of the counts be supported by sufficient proof. *Dohme* v. *State,* 68 *Ga.* 339. See also *Stewart* v. *State,* 58 *Ga.* 577; *Williams* v. *State,* 107 *Ga.* 693 (33 S. E. 641). On the other hand, if by the indictment the State is prosecuting not merely for one offense, but charges several different and distinct transactions, though of a kindred nature, in the respective counts of the indictment, a general verdict of guilty is not sustainable, and is contrary to the evidence, unless the proof is such as to uphold a conviction as to each and every offense alleged." The decision in the *Tooke* case is referred to approvingly by the Supreme Court in *Simmons* v. *State,* 162 *Ga.* 316, 318 (134 S. E. 54).

A general verdict of guilty means guilty under all the counts of the indictment. The counts alleging separate transactions, and the evidence failing to prove some of these transactions, the general verdict of guilty is unsupported by evidence, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*