## 19396.  DUMAS *v.* THE STATE.

DECIDED MARCH 5, 1929.

*Hallie B. Bell, W. A. McClellan, Thomas A. Jacobs Jr.,* for plaintiff in error.

*Roy W. Moore, solicitor, John Y. Roberts, solicitor,* contra.

BLOODWORTH, J.  The accusation in this case contained two counts, the first charging that the accused did "unlawfully sell, offer for sale, keep for sale, and barter alcoholic and spirituous liquors," and the second alleging that she "did then and there unlawfully have and control intoxicating liquors." There was a general verdict of guilty. This means guilty on both counts. While there is some evidence to support a verdict on the second count, there is none to support a verdict on the first. In *Simmons*

v. *State,* 162 *Ga.* 316 (134 S. E. 54), 35 *Ga. App.* 652 (134 S. E. 202), it was held: "it is error to refuse a new trial where an accusation contains two counts, the first charging a sale of whisky, and the second charging possession of whisky, both charges growing out of the same transaction, where upon the trial the evidence authorizes a conviction upon the second count only and the verdict is a general verdict of guilty." See *Jones* v. *State,* 27 *Ga. App.* 600 (110 S. E. 37).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*