## 29286.   LEE *v.* THE STATE.

Decided January 30, 1942.   Rehearing denied February 13, 1942.

*John H. Hudson, H. A. Allen,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, E. E. Andrews, Daniel Duke,* contra.

Gardner, J.   The indictment on which the defendant was tried contained 6 separate counts charging the defendant with the offenses of assault and battery on six different persons on different dates.   Before trial count 1 was nol-prossed.   The defendant was convicted on the remaining counts.   A motion for new trial was

filed on the usual general grounds, which was amended by adding five special grounds. The court denied the motion except as to count 4, on which a new trial was granted. To this judgment the defendant excepted.

1. The only assignment of error on the general grounds is concerning the verdict in connection with the judgment granting a new trial as to count 4 of the indictment. It is contended that the verdict was general and indivisible, and that since there was not sufficient evidence to support count 4, the verdict was bad as to the other counts.

The court charged the jury: "It is your duty to find a verdict on each charge separate and independent of the others. It is your duty to find a verdict of guilty or not guilty on each of the five counts which you are trying;" and "You are to consider each charge, each count separate from the others and make a verdict on each count, just as though you were trying one count at one time and others at other times." The court further charged: "As I told you a while ago, you are to consider each count separately under all of the evidence applicable to each count, and find a verdict of guilty or not guilty upon each count, separately. You need not consider count 1 at all. If you should find a verdict of guilty beyond a reasonable doubt upon any count, then you should write a verdict to that effect. If you should find a verdict of guilty upon all counts, you should name each one of the counts upon which you do find the defendant guilty. If you find a verdict of not guilty, or if you have a reasonable doubt of his guilt upon either or all counts, then of course you should find a verdict of not guilty as to each such count, and the form of your verdict would be, if you have found him guilty on one or more counts 'We, the jury, find the defendant guilty on count 2, or 4, or 6;' or whatever counts you do find a verdict of guilty on, specifying the counts on which you find a verdict of guilty. If you find a verdict of guilty on some of the counts and not guilty on some of the counts, you could say, after the language I have just given you 'and we find the defendant not guilty on counts (blank) and (blank),' and so forth, naming those counts. If you find a verdict of not guilty on all counts, you could merely write a verdict, 'We, the jury, find the defendant not guilty;' that would mean upon all counts." In conformity with the court's charge, the jury returned the following verdict: "We, the jury, find the defendant guilty on counts 2, 3, 4, 5, and 6."

In denying the motion as to counts 2, 3, 5, and 6 and granting the motion as to count 4 of the indictment, the learned trial judge rendered an able, written opinion which evidences much research and clarity and correctness of reasoning. We quote it here: "The court is of the opinion in this case that the motion should be sustained as to count 4 and overruled as to counts 2, 3, 5, and 6. An order will be entered accordingly. The question has arisen, that when several distinct crimes are charged in separate counts, as in this case, in an indictment, as to whether or not the insufficiency of the evidence as to one count, as in this case, automatically and by reason thereof demands a new trial as to the other counts. I have reached the conclusion that such does not largely result.

"There are many cases holding that where a general verdict is rendered on such an indictment, and if the evidence be insufficient to convict as to one of the counts, then a new trial results as to all of the counts. This, however, does not seem to be the rule adopted by our appellate courts in every case, and does not seem to be correct as to the facts of this case. The verdict does not seem to me to have been a general verdict on the entire indictment, but rather a general verdict on five separate and distinct counts, and, therefore, five separate and distinct verdicts. Code § 27-2301 provides for 'a general verdict of guilty or not guilty.' It also provides: 'Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity.' This section evidently contemplated an indictment where only one crime was charged, and could not have contemplated only a verdict of guilty or not guilty on the entire indictment where several crimes were charged. This would seem to be true under decisions of our appellate courts, authorizing and, in fact, approving verdicts which specify the count upon which the verdict of guilty or not guilty is rendered. Therefore, when the rule became established that separate crimes could be joined in one indictment, it would seem that the above Code section should be construed as applying to each one of those counts as separate and independent cases, and that 'general verdict' should be rendered as to each one of the separate cases.

"*Tooke* v. *State, 4 Ga. App.* 495, at p. 504 [61 S. E. 917], holds: 'On the other hand, where the same indictment really charges a number of distinct and separate transactions, it becomes the duty

of the trial court to conduct the case, and of the appellate court to review it, just as if it were a consolidation of separate indictments; and where the defendant was convicted generally,—that is to say, on all of the counts—or specifically on more than one of them,—it was the course at common law to sentence the defendant on each count; and these sentences might be cumulative.' This case also holds that a jury may legally acquit as to some and convict as to others, and it further holds 'better practice is to require the jury to render a separate verdict as to each count contained in the indictment.' This case seems to have been cited twenty-three times with the approval of the general rule laid down in the first quotation, thereby establishing the 'separate case' theory. In the case of *McHenry* v. *State,* 58 *Ga. App.* 410 [198 S. E. 818], two misdemeanors were charged in one indictment, one having a pistol without a license, and the other carrying concealed weapons. The Court of Appeals sustained the conviction on one count, while it granted a new trial on the other count. This decision would seem to be in line with logic and reason, and no reason has occurred to me why the trial court should not have the same power. In the case of *Perry* v. *State,* 25 *Ga. App.* 481 [103 S. E. 719], there was a general verdict of guilty on two counts. The evidence authorized conviction only under the second count, although the court sentenced him on both counts; but later the court struck the sentence on the first count and allowed only the sentence imposed under the second count to stand. This action of the trial court is apparently approved by the appellate court. In the case of Selvester *v.* U. S. 170 U. S. 262, 42 L. ed. 1029 [18 Sup. Ct. 580] the plaintiff in error was indicted in four counts for four different crimes. It was held not error to receive a verdict of guilty on the first, second, and third counts, with disagreement on the fourth. The court said on page 268 of this opinion: 'Although distinct offenses were charged in separate counts in one indictment, they nevertheless retained their separate character to such an extent that error or failure as to one had no essential influence upon the other.' And the United States Supreme Court held, in the case of Putnam *v.* U. S., 162 U. S. 687 [16 Sup. Ct. 923, 40 L. ed. 1118], at p. 714: 'The ends of justice will best be served by affirming the judgment and sentence under the seventh count, and by reversing the judgment as to the second count, and remanding the case to the court

below for such proceedings with reference to that count as may be in conformity to law.'

"The court has considered and read many cases on this point, and is not convinced by any of them that the basic principles of the law in such cases as those stated is unfair. In addition to the cases already cited and discussed, the following cases may be examined with reference to this point: *Dozier* v. *State,* 14 *Ga. App.* 473 [81 S. E. 368]; *Vinson* v. *State,* 45 *Ga. App.* 220 [164 S. E. 208]; *Jones* v. *State,* 27 *Ga. App.* 600 [110 S. E. 37]; *Innes* v. *State,* 19 *Ga. App.* 271 [91 S. E. 339]; *Driver* v. *State,* 112 *Ga.* 229 [37 S. E. 400]; *Morse* v. *State,* 10 *Ga. App.* 61 [72 S. E. 534]; *Lynes* v. *State,* 46 *Ga.* 208; *Simmons* v. *State,* 162 *Ga.* 316 [134 S. E. 54]; *Butler* v. *State,* 18 *Ga. App.* 201 [89 S. E. 178]; Schofield *v.* Baker, 242 Fed. 657; Walker *v.* New Mexico &c. R. Co., 165 U. S. 593 [17 Sup. Ct. 421, 41 L. ed. 837]; Boren *v.* State, 23 Tex. App. 28 [4 S. W. 463]; Robinson & Co. *v.* Berkey, 100 Iowa, 136 [69 N. W. 434]; Farmers Savings *v.* Arispe Mercantile (Iowa), 127 N. W. 1084."

We have read the cases cited in the opinion of the trial judge and many others on the question before us. There seem to be some conflicts as between some of the decisions of our appellate courts and the facts on which they are based. But as to the legality of the verdict and judgment, on the facts of the instant case, we find no conflict as between it and any of them. The indictment before us contains a separate and distinct offense in each count. The jury were instructed to return a separate and distinct verdict as to each count of guilty or not guilty, according to their finding as to the evidence or lack of evidence introduced as to each count. This the jury did. This was not a general verdict as to the indictment as a whole. It was a general verdict as to each count. It was in effect the same as if the defendant was being tried at the same time on an equal number of separate and distinct indictments, each containing the same allegations of a count, and the court properly, so far as this assignment of error is concerned, sustained the verdicts as to counts 2, 3, 5, and 6 and set aside the verdict for lack of evidence as to count 4, in his judgment. This does not contravene any of the appellate decisions of this State which we have been able to find, and is directly supported by *Tooke* v. *State,* and *McHenry* v. *State,* supra. We have examined the original record in the

*McHenry* case. There were general verdicts in each count in that case as in this case. It is not in conflict with the rulings of the Supreme Court in *Driver* v. *State* or *Simmons* v. *State,* supra, or cases cited therein. In these last two cases there was one general verdict as to the indictments as a whole, and they are therefore not in conflict with the case at bar, where a general verdict as to each separate count was returned and not a general verdict as to the indictment as a whole. If the verdict in the instant case had been in form to this effect: "We, the jury, find the defendant guilty," then there would have been, under the decisions of our appellate courts, merit in the contention of the plaintiff in error, but such is not the case.

So on this question, more apparently than really confused, we find our appellate courts to hold and the law to be: (1) That misdemeanors of a similar nature may be joined in the same indictment in any number of counts, and that a general verdict as to each count should be returned. (2) A general verdict of guilty as to such entire indictment will be set aside unless there is sufficient evidence to support each count of the indictment. If the evidence supports each count such general verdict is a conviction on each count, and the court may impose cumulative penalties. (3) Where the statute provides that a single offense may be committed in distinct and various ways, the different and various ways may be charged in the same count, or in as many counts as there are various ways of committing the offense. A general verdict on such an indictment charging the commission of such offense will be sustained if either one of the counts is supported by evidence, even though there may be no evidence to sustain the conviction under the other counts specified in the indictment. The statutory offense of vagrancy is illustrative of this type of offense; Code § 26-7001. There are eight ways specified by which this offense may be committed. The methods of violation may be set out in the same or different counts. There is but a single offense, and proof of any one of the methods alleged in the indictment is sufficient to sustain a general verdict of guilty. We have under consideration here misdemeanors, not felonies.

2. Special ground 1 assigns error on the court's failure to charge a written request as follows: "While it is true that as a matter of law an accomplice does not have to be corroborated in misdemeanor

cases, yet where a witness admits he is an accomplice, his evidence is not to be taken as that of the ordinary witnesses of good character, in a case, whose testimony is generally supposed to be prima facie correct. On the contrary, the evidence of such a witness should be received with suspicion, and with care and caution, and ought not to be passed upon by the jury under the same rules governing other and apparently credible witnesses." In this State the jury are the exclusive judges as to the credibility of witnesses whether they be accomplices or not. We do not think the judge has the authority to circumscribe the range and scope of the jury's measure of consideration in determining what credit will be given a witness except those measures which the law provides. We know of no such requirement as contained in the request. It is true that the jury may take into consideration the fact that a witness is an accomplice in determining his credibility and the judge may so charge. Our courts have approached the question in *Parsons* v. *State,* 43 *Ga.* 197; *Askea* v. *State,* 75 *Ga.* 356; *Stone* v. *State,* 118 *Ga.* 705, 713 (45 S. E. 630, 98 Am. St. R. 145); *Pope* v. *State,* 171 *Ga.* 655, 659 (156 S. E. 599); *Branch* v. *State,* 46 *Ga. App.* 67 (166 S. E. 685). We think the effect of these rulings is that "In misdemeanors, the complicity of the witness goes to his credit, and the jury are to judge of his credibility from all the facts and circumstances, as in the case of other witnesses." *Parsons* v. *State,* supra. Therefore an accomplice in law as such is not discredited, whatever may be his credit in fact with the jury. The court charged the jury fully and sufficiently upon the credibility of witnesses generally, inclusive of this witness, though in the role of an accomplice. To have charged as requested would have been error. The court properly refused the request.

3. Special ground 2 complains of the following charge to the jury: "If you find that an assault and battery was committed as charged in this indictment in these various counts, then I instruct you that no valid justification, self-defense or other defense of a similar nature has been shown to exist in any of these counts in this indictment." The record discloses that the defendant introduced no evidence and made no statement. The State's evidence showed that the defendant, along with others, went to the places of abode of each victim named in the several counts, and by fraud and force seized and carried the victims to a secluded place and

there, without any semblance of valid justification, administered an aggravated beating. The indictment charged an unlawful beating. The charge complained of simply instructed the jury that if they believed the charge as laid in the indictment had been sustained they would be authorized to convict the defendant, because as a matter of law there was no issue as to justification. This did not amount to an expression or intimation of an opinion as to what had or had not been proved with reference to any issue involved. The charge only defined the issues involved. The cases of *Henderson* v. *State*, 14 *Ga. App.* 672 (82 S. E. 61) and *Barge* v. *State*, 3 *Ga. App.* 20 (59 S. E. 192), are not in point. The rulings there made do not conflict with what is here said. The assignment has no merit.

4. Special grounds 3 and 4 complain of the overruling of objections to certain evidence offered by the State, and special ground 5 assigns error because the trial judge overruled a motion for mistrial. We find no merit in any of these grounds.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*