## 32671. JORDAN *v.* THE STATE.

DECIDED OCTOBER 11, 1949.

*Carlisle Cobb,* for plaintiff in error.

*Preston M. Almand, Solicitor,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Count 2 of the indictment charges the offense of transporting illegal whisky in sufficient terms to meet the requirements of Code § 58-201, wherein this offense is defined. The trial court therefore did not err in overruling the motion to strike this count of the indictment.

■ Counsel for the defendant admits that there is sufficient evidence in the record to authorize a conviction under count 1 of the indictment, but contends that, as a general verdict was returned, this is equivalent to a verdict of guilty on both counts and that, if the evidence does not sustain the verdict as to both counts, it must be set aside. He cites, in this connection, *Simmons* v. *State,* 162 *Ga.* 316 (134 S. E. 54), which case was one wherein the defendant had been indicted on two counts, one charging the sale of whisky and the other the offense of possessing whisky. The Court of Appeals certified to the Supreme Court the following question:

"Where an accusation contains two counts, the first charging a sale of whisky, and the second charging possession of whisky (both charges growing out of the same transaction) and upon the trial the evidence authorizes a conviction under the second count only, and the verdict is a general verdict of guilty, and the defendant moves for a new trial, is it error to overrule the motion, where the sentence imposed does not exceed that which the court could have legally imposed if the accused had been convicted under the second count only?"

The decision there well established the precedent for the principle of law that where the indictment is in more than one count and the verdict is a general one of guilty, the evidence must support that verdict as to each count. In that case the evidence authorized a finding that the defendant possessed whisky, but failed to show a sale.

Here the verdict is supported by the evidence as to both counts. The jury was authorized to find that the defendant

"transported and conveyed" the whisky to the house if they believed that he "had and possessed" it, since the same evidence which established the one point also established the other. The trial court therefore did not err in overruling the motion for a new trial.

*Judgment affirmed.* *MacIntyre, P.J., and Gardner, J., concur.*