### 34871. BIRD *v.* THE STATE.

DECIDED OCTOBER 20, 1953.

34

*Dan L. Lanier,* for plaintiff in error.

*L. C. Anderson, Solicitor,* contra.

GARDNER, P. J. ■ Counsel for the defendant argues his general grounds and special ground 1 together. Special ground 1 assigns error on the ground that the evidence was wholly circumstantial, and that the court committed reversible error by not charging the principle of law of circumstantial evidence, without a written request to do so. Counsel cites, in support of his contentions as to the general ground, *Roper* v. *State,* 67 *Ga. App.* 272 (19 S. E. 2d 746) and *Serritt* v. *State,* 44 *Ga. App.* 269 (161 S. E. 279). A reading of the facts in those cases and the facts in the instant case will readily show that the cases are widely differentiated by their respective facts. We will not comment further, since the facts in the instant case as set out hereinabove somewhat in detail, speak for themselves, contrary to the contentions of the defendant. The verdict did not depend wholly upon circumstantial evidence. Further as to the general grounds, the sworn evidence which we have given substantially hereinabove speaks more convincingly than we can to the effect that the evidence abundantly supports the verdict. There is no merit in the contentions regarding the general grounds nor does special ground 1 show reversible error.

■ Special ground 2 assigns error on the ground that, under the accusation which contained two counts, each count charged a violation of the liquor laws of this State in a different way, and that the court, under the verdict rendered, to wit, "We, the jury, find the defendant guilty," should have imposed but one sentence, or that the two sentences imposed should run concurrently. In support of this contention, counsel calls to our attention an excerpt from the opinion in *Tooke* v. *State,* 4 *Ga. App.* 495, 503 (61 S. E. 917) and an excerpt from the dissenting opinion in *Simmons* v. *State,* 162 *Ga.* 316, 321 (134 S. E. 54). Of course, a dissenting opinion does not establish the conclusion of the law of this State. The majority opinion in the *Simmons* case does not sustain the contentions of the counsel for the defendant. The excerpt from the *Tooke* case, quoted by counsel for the defendant, seems to be misconstrued as to its effect.

That excerpt reads: "A paramount reason why the distinction should exist is this: where the indictment relates to a sole transaction, and the pleader, not being certain as to the exact manner in which he shall be able to prove that the crime was committed, yet knowing that if he describes the offense with alternative or ambiguous allegations he renders the indictment subject to demurrer for duplicity, resorts to the fiction of charging that the defendant has committed a number of crimes, all in fact the same, yet varying in detail—that is, charges the same offense in different counts, as if it were a number of transactions,—the court on the trial of the case, and the appellate tribunal on review of it, largely disregard the fiction and look to the substance, and not the form of the charge. Hence if the defendant is convicted generally—that is to say on all of the counts—the court imposes but a single sentence;' or (under the former practice in England and under the present practice in some of the States) meets fiction with fiction, and imposes several sentences, but makes them run concurrently."

In the *Tooke* case, at page 504, this court said: "On the other hand, where the same indictment really charges a number of distinct and separate transactions, it becomes the duty of the trial court to conduct the case, and of the appellate court to review it, just as if it were a consolidation of separate indictments; and where the defendant was convicted generally,—that is to say, on all of the counts—or specifically on more than one of them,—it was the course at common law to sentence the defendant on each count; and these sentences might be cumulative. For some reason, it has not been the practice in this State to impose cumulative sentences, upon the different counts of an indictment charging distinct offenses; but we know of no reason why it may not be done; for as to these things we are supposed to follow the common law. Indeed, all through the course of our reports are to be found intimations that the power to impose more than one sentence in such a case exists." This seems to be the gravamen of that case as applied to the case at bar. We invite a careful reading of the entire decision of the *Tooke* case. This court held in *Southern Express Co.* v. *State*, 23 *Ga. App.* 376, 381 (98 S. E. 272): "The act of transporting alcoholic liquors as set out in the first count of the indictment is a sep-

arate and distinct offense from that of having, controlling and possessing alcoholic liquors as charged in the second count thereof." In *Lee* v. *State,* 66 *Ga. App.* 613 (18 S. E. 2d 778) this court went fully into the question now before us. One further interested in the question, in order to determine the law prevailing in Georgia thereon, may read the *Lee* decision. There is no merit in this contention.

The court did not err in denying the motion for new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*