### 36184. ECHOLS v. THE STATE.

CARLISLE, J. 1. Where, upon the trial of one under an accusation in two counts charging him with the retail sale of "distilled spirits and alcohol" without first obtaining a license from the State Revenue Commissioner, and charging him with the sale of distilled spirits and alcohol on Sunday, the jury returned a general verdict of guilty, but the evidence that the

defendant sold distilled spirits and alcohol without first obtaining a retail license is entirely circumstantial and insufficient to exclude every reasonable hypothesis except that he is guilty of that offense, a verdict of guilty of that offense is unauthorized (*Cannon* v. *State*, 71 *Ga. App.* 757, 32 S. E. 2d 124); and, since a general verdict of guilty is construed as meaning guilty on both counts where distinct and separate counts are charged in the accusation (*Tooke* v. *State*, 4 *Ga. App.* 495 (3), 61 S. E. 917), a general verdict of guilty cannot be upheld unless there is sufficient proof to justify a conviction under both counts. *Sullivan* v. *State*, 87 *Ga. App.* 743 (75 S. E. 2d 182); *Simmons* v. *State*, 162 *Ga.* 316 (134 S. E. 54), and citations; *Bird* v. *State*, 89 *Ga. App.* 31 (78 S. E. 2d 553).

2. Where, in such a case as indicated above, the defendant, following the return of a general verdict of guilty against him in the Criminal Court of Fulton County, petitions the Superior Court of Fulton County for its writ of certiorari upon the ground, among others, that the verdict is contrary to the evidence, it is error for the superior court to refuse its sanction of such petition.

3. In such a case as indicated above, " 'the State is not confined to the date alleged in the accusation in proving the crime, but may prove it as of any date within the period of limitations. . . When the accusation charges the offense generally, the State need not rest its case on proof of a single transaction, but may prove or attempt to prove any number of transactions of the character charged in the accusation and included within its terms'. *White* v. *State*, 9 *Ga. App.* 558 (1, 2) (71 S. E. 879). 'The State in making out its case, is not confined to the day named in the accusation, but may prove the commission of the offense at any time within two years prior to the date of the accusation; and . . . whether acquitted or convicted, the accused cannot again be tried for such an offense committed within the period of limitations governing the case on trial.' *Cole* v. *State*, 120 *Ga.* 485 (2) (48 S. E. 156)." *Daniel* v. *State*, 83 *Ga. App.* 733, 734 (64 S. E. 2d 690).

4. The other questions raised by the special grounds of the petition for certiorari may not arise on another trial of the case and we deem it unnecessary to consider them.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MAY 16, 1956.

*Frank Grizzard, Frank A. Bowers, Norman H. Fudge,* for plaintiff in error.

*Paul Webb, Solicitor-General, John I. Kelley, Solicitor, Robert O'Neil, Charlie O. Murphy,* contra.